J-S36024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID REDMOND | |
| Appellant | No. 2855 EDA 2013 |

Appeal from the PCRA Order September 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006047-2010

BEFORE: GANTMAN, P.J., JENKINS, J., and FITZGERALD, J.[**]

MEMORANDUM BY JENKINS, J.:          **FILED AUGUST 07, 2014**

Appellant David Redmond appeals from the order of the Court of Common Pleas of Philadelphia County dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq*., ("PCRA"). We affirm.

On November 21, 2009, Redmond and his co-defendant Dwayne Robinson attacked a fellow inmate at Curran-Fromhold Corrections Facility in Philadelphia, Pennsylvania.[1] The victim did not permit Robinson to review

---

[**] Former Justice specially assigned to the Superior Court.

[1] The original record does not contain the trial transcripts. The facts recited herein are from the trial court opinion and from the opinion of this Court in Redmond's co-defendant's direct appeal, **Commonwealth v. Robinson**, 2514 EDA 2011 (Pa.Super. filed Dec. 18, 2012).

the victim's paperwork. Robinson grabbed the paperwork and refused to return it. An argument ensued.

Robinson pulled the victim from his bed by the victim's legs. Redmond and Robinson punched the victim. Robinson attempted to insert his penis into the victim's mouth. Redmond partially inserted his penis into the victim's anus. The victim screamed for assistance.

After approximately 30 to 45 minutes, the corrections officers arrived. Corrections Officer Michael Lee observed the victim crying, screaming, and yelling. Corrections Officer Michael Cooper observed that the victim was crying and had puffy eyes. The victim received medical treatment at the prison and at a nearby hospital. He suffered scratches to his face and back and a one-millimeter tear to his anus.

The victim received a letter from Redmond, offering the victim $500.00 if he did not testify. The victim then wrote to Redmond, requesting additional funds in exchange for a refusal to testify.

On January 14, 2011, the Honorable Earl W. Trent presided over a joint non-jury trial. He found Redmond guilty of involuntary deviate sexual intercourse,[2] criminal conspiracy,[3] and sexual assault.[4]

_____

[2] 18 Pa.C.S. § 3123(a).

[3] 18 Pa.C.S. § 903.

[4] 18 Pa.C.S. § 3124.1.

Robinson filed a motion for extraordinary relief, which Redmond joined. The court denied this motion.

On April 13, 2011, the court sentenced Redmond to an aggregate term of seven-to-fourteen years of imprisonment. Redmond appealed, but this Court dismissed the appeal for failure to file a brief.

On December 14, 2011 and January 11, 2012, Redmond filed pro se PCRA petitions. The court appointed counsel, who filed an amended petition on January 29, 2013. On August 16, 2013, the trial court issued its notice of intent to dismiss the PCRA petition without an evidentiary hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On September 30, 2013, the court dismissed the petition. Redmond timely appealed.

Redmond raises the following issues on appeal:

> 1. Did the PCRA court err in dismissing Appellant's PCRA Petition without an evidentiary hearing when there was newly-discovered evidence that Complainant admitted that he committed perjury and Appellant was not responsible for the crimes for which he has been convicted?
>
> 2. Did the PCRA court err in dismissing Appellant's PCRA Petition without an evidentiary hearing when trial counsel failed to call a known eyewitness who has subsequently provided an Affidavit which, if accepted, would show that Appellant is not guilty for the crimes for which he has been convicted?

Appellant's Brief at 4.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the

evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238 (Pa.Super.2011) (citing ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa.1997)).

Redmond first claims the trial court should have held a hearing because he presented after-acquired evidence, i.e., an affidavit from Kendall Brinkley, claiming the victim requested that Brinkley inform Robinson he would "keep lying on" Robinson and the "old head Dave" unless they paid the victim $5,000.00. PCRA Petition Requesting Vacation of Judgment of Sentence, at Appendix A (hereinafter "Brinkley Affidavit").[5]

To be eligible for PCRA relief based on after acquired evidence, the appellant must plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543 (a)(2)(vi). A petitioner must establish that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. D'Amato***, 856 A.2d 802, 823 (Pa.2004) (quoting

---

[5] The affidavit also states Brinkley was a childhood friend of Robinson. ***See*** Brinkley Affidavit.

- 4 -

*Commonwealth v. Abu-Jamal*, 553 Pa. 485, 517, 720 A.2d 79, 94 (1998)).

The trial court noted the hearsay statements contained in the Brinkley Affidavit were likely inadmissible. Trial Court 1925(a) Opinion, 11/21/2013 ("1925(a) Opinion"), at 3. The trial court further noted that, even if admissible, the statements would serve only to impeach the victim's credibility. *Id.* The court reasoned the "vague statement attributed to the [victim] would arguably suggest that he intended to fabricate at least some portion of a statement and/or testimony relating to [Redmond] following a failed blackmail attempt." *Id.*

The court further found Redmond failed to establish the statement would have compelled a different verdict. 1925(a) Opinion at 3. The court reasoned it "evaluated the credibility of the [victim] under the backdrop of evidence detailing his attempt to extract money from the co-defendant in exchange for his silence at trial." *Id.* The court noted the Brinkley Affidavit clarified the victim's attempt to acquire financial compensation and this evidence would not have changed the court's credibility determinations. *Id.*

The trial court's determination is supported by the record and free of legal error. Redmond claims the statement would be a recantation, not impeachment. Appellant's Brief at 11. The statement, however, is a hearsay statement allegedly from the victim and constitutes impeachment evidence. A recantation occurs where a witness testifies, or signs a sworn affidavit, that he testified falsely at the prior trial. ***See, e.g.,***

*Commonwealth v. Davis*, 86 A.3d 883, 889 (Pa.Super.2014) (noting witness signed affidavit noting his perjury at trial); *Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa.2004) (noting a witness recanted his trial testimony). A recantation does not occur merely because a separate individual claims the witness said he testified falsely. *See, e.g., Commonwealth v. Dennis*, 715 A.2d 404, 416 (Pa.1998) (noting affidavit from individual claiming witness told the individual that witness was not sure the person she identified was the killer was impeachment evidence and noting a separate witness recanted his trial testimony, claiming he lied on the stand). Accordingly, as the trial court found, the Brinkley Affidavit would merely constitute impeachment evidence and cannot constitute after-acquired evidence sufficient to warrant PCRA relief. *See D'Amato*, 856 A.2d at 823.

Redmond next claims he was entitled to an evidentiary hearing on his ineffectiveness of trial counsel claim. He claimed counsel was ineffective for failing to interview, and call as a witness, the fourth individual present in the prison cell at the time of the attack.

For ineffectiveness of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Id.* "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279). When alleging ineffective assistance of counsel for failure to call a witness, the petitioner must establish: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa.Super.2013) (quoting *Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa.2012)).

The fourth cellmate, Karlesio Davenport, signed an affidavit stating the assault did not occur and stating that, if subpoenaed, he would have testified at trial. PCRA Petition Requesting Vacation of Judgment of Sentence, at Appendix C (hereinafter "Davenport Affidavit"). The trial court found Redmond failed to demonstrate counsel lacked a reasonable basis for not calling Davenport and found the failure to call Davenport was not prejudicial. 1925(a) Opinion, at 4. Because the trial court did not hold an evidentiary hearing, we will not consider whether the attorney had a reasonable basis for failing to call Davenport. *Commonwealth v. duPont,* 860 A.2d 525, 533 (Pa.Super.2004) (in PCRA appeal, reasonableness of attorney's strategic decisionmaking is matter that this Court usually considers only where evidence has been taken on that point).

The court, however, acted within its discretion in finding the failure to call Davenport was not prejudicial. Redmond failed to establish Davenport's testimony would have altered the trial's outcome. 1925(a) Opinion, at 5. Davenport's affidavit was not credible. The Affidavit was internally inconsistent, as it stated Davenport was asleep during a portion of the encounter, but later stated he was awake the whole time. *Id.* His claim that the assault did not occur also conflicts with his report to the investigating officer after the incident that "I saw nothing[;] I was asleep." *Id.*, at 4. In addition, the Commonwealth could have introduced *crimen falsi* evidence of a burglary conviction to impeach Davenport. *Id.* Further, the court noted it was unlikely to have accepted Davenport's revised version of events because it found the victim "extremely credible." *Id.* at 5. The victim testified Davenport inquired as to what was happening and one of the perpetrators told him to "mind his business and lay back down." *Id.* at 5 n.7.

Accordingly, the court acted within its discretion in dismissing Redmond's PCRA petition.

Order affirmed.

Justice Fitzgerald files concurring/dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2014