J-S78043-16

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| HERBERT ARTHUR STARBIRD | |
| Appellant | No. 848 WDA 2016 |

Appeal from the PCRA Order May 19, 2016
in the Court of Common Pleas of Blair County Criminal Division
at No(s): CP-07-CR-0002632-2008

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:  FILED: March 24, 2017

Appellant, Herbert Arthur Starbird, appeals from the order of the Blair County Court of Common Pleas denying his first Post Conviction Relief Act[1] ("PCRA") petition.  Appellant claims his trial counsel was ineffective for stipulating to the proposed testimony of the investigating detective instead of having the detective testify at trial.  We affirm.

This Court previously summarized the factual history of this case.

> On October 20, 2007, Helen Holenchek, a teller supervisor at First Commonwealth Bank (First Commonwealth) informed Appellant that his account had a negative balance. N.T., 3/8/10, at 44-45.  On October 23, 2007, a new teller at the bank, Christina Heiling, made a data entry error, accidentally depositing $280,000.00 into Appellant's account, funds which should have gone to another client's business account.  *Id.* at 67, 70-71.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant never contacted the bank to inquire as to why these funds were deposited into his account. *Id.* at 188. Instead, Appellant began withdrawing the money from his account. During this time, Appellant opened a separate savings account at Investment Savings Bank (Investment Savings). Starting on November 16, 2007, Appellant withdrew $16,400.00 from his First Commonwealth account and deposited those funds into his Investment Savings account. *Id.* at 228, 231. Around the same period of time, Appellant opened another account at Citizens Bank (Citizens). He withdrew $27,144.51 from his First Commonwealth account, and deposited it into his Citizens account. *Id.* at 240, 243-247. In February 2008, Appellant began to withdraw the money at these two banks and spent it. *Id.* 235, 248.

First Commonwealth discovered its $280,000.00 error on February 7, 2008. *Id.* at 86, 90-91. By that time, Appellant had written over 200 checks off his account, withdrawing over $178,000.00. *Id.* at 104-105. First Commonwealth immediately froze all of Appellant's accounts, recouped the remaining $102,935.46 left in his checking account, and recouped an additional $14,000.00 from Appellant's savings account. *Id.* at 105-106. First Commonwealth also recouped an additional $624.00 electronically deposited into Appellant's account from the United States Treasury. *Id.* at 106. In sum, First Commonwealth failed to recoup a total of $157,206.12. *Id.* at 121.

On February 8, 2008, the manager of the bank, Randy Simpson, confronted Appellant about the funds erroneously deposited into his account. *Id.* at 114. At that time, Appellant admitted to Simpson that he did not make said deposit. *Id.* at 115. First Commonwealth offered two solutions through which Appellant could repay the money. The bank offered Appellant a 20-30 year mortgage on his home equal to the amount of the missing funds, secured by Appellant's residence. *Id.* at 120, 204-105. The bank also offered to accept 80% of the net sale price of Appellant's residence as partial payment toward the amount due. *Id.* at 173-174. Appellant rejected both of these options. *Id.* at 174, 204. After attempting to resolve the dispute for seven months to no avail, First

> Commonwealth turned the matter over to the Altoona Police Department. On September 19, 2008, Appellant was arrested for theft of property lost or mislaid by mistake[2] and receiving stolen property.[3]

*Commonwealth v. Starbird*, 1301 WDA 2011 (Pa. Super. May 8, 2012) (unpublished memorandum at 1-3).

Appellant was represented by Thomas Dickey, Esq. ("trial counsel"), and proceeded to a two-day jury trial during which numerous bank employees testified. On the second day of trial, Attorney Dickey entered the following stipulation into the record:

> [I]f called Detective Scott Koehle would testify that he became involved on or about August 20, 2008 when he responded to the Law Office of Attorney Rick Gieg[, First Commonwealth's counsel]. He made the following notation—the following notation was made in his incident report and this was a verbatim quote, Your Honor, according to [two First Commonwealth employees,] Mr. [James] Boyle and Mr. Simpson, and Attorney Gieg, the bank has not been successful in collecting any further monies and request that [Appellant] be arrested for theft. And that complaint was filed on or about 9-18-2000.

N.T., 3/9/10, at 103-04. Neither party called Detective Koehle to testify at trial. Appellant testified and asserted that he immediately contacted First Commonwealth after discovering the mistaken deposit. *Id.* at 25. He averred that he used the money after receiving assurances that the deposit was legitimate and the money was his. *Id.* at 25-27, 29.

---

[2] 18 Pa.C.S. § 3924.

[3] 18 Pa.C.S. § 3925(a).

On March 9, 2010, the jury found Appellant guilty of theft and receiving stolen property and determined the amount taken was over $2000.[4] On May 13, 2010, the trial court sentenced Appellant to seven years' probation for theft[5] and $157,206.12 in restitution, as well as $100 in fines.

Appellant took a direct appeal, and this Court affirmed the judgment of sentence on May 8, 2012. **Starbird**, 1301 WDA 2011. Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

The PCRA court received Appellant's first, timely, *pro se* PCRA petition on December 6, 2012. On April 2, 2015, appointed counsel, Attorney Lucas A. Kelleher, Esq., filed an amended petition asserting trial counsel was ineffective for failing to call Detective Koehle as a witness.[6] The court conducted an evidentiary hearing on April 11, 2016. Appellant testified that

---

[4] **See** 18 Pa.C.S. § 3903(a.1) (grading a theft offense involving more than $2,000 as a third-degree felony).

[5] The trial court merged the count of receiving stolen property.

[6] The PCRA court initially appointed Timothy S. Burns, Esq., on December 18, 2012. On March 13, 2013, Attorney Burns informed Appellant he was not eligible for court-appointed counsel based on his income. On August 20, 2013, the court appointed Paul M. Puskar, Esq. to represent Appellant. Attorney Puskar filed a motion to withdraw as counsel on May 13, 2014, asserting a breakdown in the attorney-client relationship. On October 28, 2014, following a hearing, the PCRA court appointed Lucas A. Kelleher, Esq., who had represented Appellant in his direct appeal, subject to Appellant withdrawing his ineffectiveness claims against Attorney Kelleher and waiving any potential conflicts. Appellant waived all potential conflicts with Attorney Kelleher.

he instructed trial counsel to ensure Detective Koehle was present for trial. N.T., 4/11/16, at 15. Appellant asserted that the detective made misstatements in his investigative report and affidavit of probable cause. *Id.* at 18-19, 23-24, 26-29. Appellant further suggested that the detective's testimony at trial was necessary to establish that he initially made a "good faith" payment of $5,500 to the bank. *Id.* at 8. No other witnesses were called at the hearing.

On May 19, 2016, the PCRA court entered the instant order denying relief. The court reasoned, in relevant part:

> [Appellant] cannot show that he was prejudiced by any ineffectiveness of his trial counsel as Detective Koehle was not a potential fact witness. Detective Koehle could only testify as to his investigation, testimony which would have been full of objectionable hearsay. Even if [trial counsel] had called Detective Koehle as an adverse witness, and shown him to be an unreliable witness, it would not have made any difference to the outcome of this case. The Commonwealth had overwhelming evidence against Petitioner and Detective Koehle could provide no proof or absolution to the charges for which the jury found Petitioner guilty. This case rested entirely on the bank records, the testimony of bank employees, and the testimony of [Appellant]. Detective Koehle's absence did not prejudice [Appellant] from cross-examining the bank employees or challenging the bank's records. The evidence against [Appellant] stands with or without Detective Koehle.

PCRA Ct. Op. & Order, 5/19/16, at 6-7. The court further suggested that trial counsel's decision to stipulate to Detective Koehle's testimony was reasonable. *Id.* at 7. This timely appeal followed.[7]

Appellant presents the following interrelated questions for review:

A. Whether the PCRA Court erred/abused its discretion by failing to find Appellant's 6th Amendment right to confront his accuser was violated, as the affiant who filed the charges against Appellant did not appear to testify at trial[?]

B. Whether the PCRA Court erred/abused its discretion by failing to find Appellant's prior counsel ineffective for failing [to] subpoena the Commonwealth's affiant to testify at trial, and for stipulating to the his testimony, as the record demonstrates the inability to cross examine the affiant prejudiced the Appellant's defense[?]

Appellant's Brief at 4.

Appellant argues that trial counsel's stipulation that First Commonwealth "was unsuccessful in collecting any further monies" precluded further examination of the detective. *Id.* at 11. According to Appellant, cross-examination of the detective was critical to establish (1) Appellant's "negotiations and efforts with the bank to repay the money[,]" (2) "other inconsistencies in the Commonwealth's evidence[,]" such as most of his withdrawals being under $100 before the mistaken deposit and over $100 after the mistaken deposit, and (3) the lack of basis for the detective's

---

[7] The PCRA court did not order a Pa.R.A.P. 1925(b) statement, although Appellant did file a statement

opinion that Appellant had committed theft. ***Id.*** at 11-13. Appellant contends that he was prejudiced by trial counsel's inaction because the examination of the detective would have established Appellant did not intend to deprive the bank of the money permanently and because the detective would admit that the evidence against Appellant was "dubious." ***Id.*** at 11-14. Appellant further claims trial counsel's inactions deprived him of his right to confront his accuser. ***Id.*** at 14. No relief is due.

The following standards and principles govern our review:

> "In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review."
>
> ***
>
> To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. With regard to the second, *i.e.*, the "reasonable basis" prong, this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To establish the third prong, *i.e.*, prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's action or inaction.
>
> . . .

> [w]hen raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [**Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984) ] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. . . .
>
> "To demonstrate **Strickland** prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." Counsel will not be found ineffective for failing to call a witness "unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy."

**Commonwealth v. Matias**, 63 A.3d 807, 810-11 (Pa. Super. 2013) (*en banc*) (citations omitted).

Following our review, we agree with the PCRA court that Appellant did not establish prejudice because the evidence of Appellant's guilt was overwhelming. Additionally, although Appellant asserts that Detective Koehle's alleged testimony was necessary to establish that he made a $5,500 payment to First Commonwealth, that fact was presented to jury. **See** N.T., 3/8/10, at 203; N.T., 3/9/10, at 43. Moreover, Appellant's contention that it was necessary to rebut Detective Koehle's assertions regarding the pattern of his checks before and after the mistaken deposit

- 8 -

provides no basis for relief, because no evidence of such patterns was presented as evidence at trial. Lastly, there was no violation of the Confrontation Clause, because the detective did not testify against Appellant and the detective's assertions and opinions were not admitted into evidence. *See generally Commonwealth v. Williams*, 84 A.3d 680, 684 (Pa. 2014) (reiterating that the right to confrontation is basically a trial right that ensures the reliability of the evidence against a criminal defendant). Consequently, we discern no support for Appellant's assertions that the detective's testimony was necessary to ensure fairness of his trial, or that the outcome at trial would have been different had he examined the detective. Thus, we agree with PCRA court that Appellant's claims of ineffectiveness did not warrant relief.[8] *See Matias*, 63 A.3d at 810-11.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2017

---

[8] We further note that Appellant did not call Detective Koehle or trial counsel to testify at the PCRA hearing. Therefore, Appellant did not carry his burden of establishing the detective was willing to concede that the case against Appellant was dubious, or that trial counsel lacked a reasonable basis for his decision to stipulate to Detective Koehle's trial testimony and not call the detective. *See Matias*, 63 A.3d at 810-11.