COMMONWEALTH Of Pennsylvania,
Appellant

v.

Sixto MATIAS, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 20, 2012.

Filed March 14, 2013.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

James R. Lloyd, III, Philadelphia, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., MUSMANNO, BENDER, DONOHUE, SHOGAN, LAZARUS, MUNDY, OLSON and WECHT, JJ.

OPINION BY MUSMANNO, J.:

The Commonwealth of Pennsylvania appeals from the Order granting the Post Conviction Relief Act[1] ("PCRA") Petition filed by Sixto Matias ("Matias"), and granting Matias a new trial. We affirm.

---

1. 42 Pa.C.S.A. §§ 9541–9546.

In its Opinion, the PCRA court recounted the history underlying the instant appeal as follows:

In July [ ] 2007, [Matias] was charged with involuntary deviate sexual intercourse (IDSI) [ ] in violation of 18 Pa. C.S.[A.] § 3123; aggravated indecent assault [ ] in violation of 18 Pa.C.S.[A.] § 3125; indecent assault[ ] in violation of 18 Pa.C.S.[A.] § 3127; and corruption of minors [ ] in violation of 18 Pa.C.S.[A.] § 6301 based on the allegation of [R.], then a thirteen[-]year[-]old neighbor and friend of [Matias's] daughter, [K.], then eight years old. [R.] claimed that [Matias] sexually assaulted her on two occasions during the late spring or summer of 2007. She testified that both events occurred in the basement of [Matias's] home at 4241 Markland Street in Philadelphia.

After a trial ..., the jury convicted [Matias] of [the above-described charges]. On September 4, 2009, [Matias's] attorney filed a Post Conviction Petition for Extraordinary Relief contending that the verdict was against the weight of the evidence and that trial counsel's representation of [Matias] was ineffective. Pierre LaTour, Esquire ["LaTour"], was trial counsel. [Matias] hired [the law firm of A. Charles Peruto, Jr., Esquire] after the trial and before September 4, 2009.[2]

On September 8, 2009, [the trial court] denied [Matias's] Petition for Extraordinary Relief. On that same day, [the trial court] sentenced [Matias] to the mandatory minimum sentence of not less than ten years nor more than twenty years on the IDSI count; a concurrent term of five years to ten years on the Aggravated Indecent Assault count; and a concurrent term of one year to two years on the Corruption of a Minor count. The indecent assault count merged with the Aggravated Indecent Assault count. [Matias] did not file an appeal from this judgment of sentence.

PCRA Court Opinion, 12/7/10, at 1–2 (emphasis omitted; footnote added).

On November 18, 2009, Matias filed the PCRA Petition underlying the instant appeal. The PCRA court conducted an evidentiary hearing on the claims raised by Matias. On December 7, 2010, the PCRA court entered an Order granting Matias's Petition, vacating Matias's judgment of sentence, and awarding Matias a new trial. In doing so, the PCRA court stated that Matias "was prejudiced by the ineffectiveness of counsel; and [ ] the jury's verdict was against the weight of the evidence." PCRA Court Order, 12/7/10. Thereafter, the Commonwealth filed the instant timely appeal, and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

The Commonwealth presents the following issues for our review:

Whether the PCRA court erred in granting [Matias] a new trial on grounds of weight of the evidence and ineffective assistance of trial counsel, where:

■ trial counsel was not ineffective for not calling [Matias's] child as a witness where her testimony could not have materially impeached that of the victim[,] but could have undermined other defense testimony; [ ]

■ trial counsel was not ineffective for not introducing redundant evidence in the form of photographs demonstrating the absence of a bathroom in [Matias's] basement, where this fact was uncontested and had

---

**2.** At this point in time, Mark. A. Hinrichs, Esquire ("Attorney Hinrichs"), and A. Charles Peruto, Jr., Esquire ("Attorney Peruto"), represented Matias.

been conceded on direct examination[; and]

■ [a challenge to the] weight of the evidence is not a cognizable claim under the PCRA[.]

Brief for the Commonwealth at 2 (issues renumbered).

■ "In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Johnson*, 600 Pa. 329, 966 A.2d 523, 532 (2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.*

The Commonwealth first challenges the PCRA court's determination that Matias's counsel rendered ineffective assistance by failing to call Matias's daughter, K., as a witness. Brief for the Commonwealth at 18. In support, the Commonwealth disputes the PCRA court's finding that K.'s testimony would have contradicted the testimony of R., the complainant. *Id.* According to the Commonwealth, K. was only seven years old at the time of the hearing; K. admitted to being focused on a video game at the time of the incident; and K.'s testimony was inconsistent with Matias's assertions at trial. *Id.* at 19. Although Matias had testified that he did not have an opportunity to assault the complainant, the Commonwealth points out K.'s acknowledgement that Matias sat on the couch with the children and had a game controller in his hand. *Id.* at 19, 20. Therefore, the Commonwealth asserts, K.'s testimony could have corroborated the testimony of the victim, and contradicted that of Matias. *Id.* at 20.

■ To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

■ To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Steele*, 599 Pa. 341, 961 A.2d 786, 796 (2008). With regard to the second, *i.e.*, the "reasonable basis" prong, this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Williams*, 587 Pa. 304, 899 A.2d 1060, 1064 (2006) (citation omitted). To establish the third prong, *i.e.*, prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's action or inaction. *Commonwealth v. Dennis*, 597 Pa. 159, 950 A.2d 945, 954 (2008).

■ In reviewing this determination, we are cognizant that

[w]hen raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] test by establishing that: (1) the witness existed; (2) the witness was available to

testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial....

*Commonwealth v. Sneed,* 45 A.3d 1096, 1108–09 (Pa.2012). "To demonstrate *Strickland* prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Sneed,* 45 A.3d at 1109. Counsel will not be found ineffective for failing to call a witness "unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." *Id.* (internal quotation marks and citations omitted).

▇ In its Opinion, the PCRA Court explained its reasoning as follows:

The jury convicted [Matias] of charges that were based upon [R.'s] testimony. [R.'s] testimony was bizarre, unbelievable and ever changing....

. . .

At its core, this case concerned [R.'s] word against [Matias's] word.... LaTour did not present a key available witness, [K.,] who would have contradicted [R.'s] testimony. The Commonwealth might argue that this was a strategic decision by LaTour, not to call [K.] However, [K.'s] testimony was of critical significance because [K.'s] testimony would contradict [R.'s] testimony. LaTour's course of conduct was without any reasonable basis designed to effectuate [Matias's] best defense.

According to [R.'s] testimony, [K.] was an eyewitness to the alleged molestation. LaTour did not even interview [K.] during the trial[. N.T., 11/9/10 (PCRA Evidentiary Hearing), at 36–37.] However, [the PCRA c]ourt believes that no competent attorney would have not interviewed [K.] to judge whether [K.] would have made a good witness for the defense. [R.] claims that [K.] was present during the first sexual assault[,] which occurred on the couch. [K.] would have testified that [Matias] did not do the vile acts that [R.] claims that [Matias] did to her. [K.] did testify at the 2010 PCRA Evidentiary Hearing held by [the PCRA c]ourt and denied that [Matias] did the vile acts that [the complainant] claims that [Matias] did to her.

. . .

[R.] and her mother and step-father lived across the street from [Matias] and his family. [R.] became friends with [K.] [R.'s] step-father described [R.] as somewhat socially and mentally challenged. [R.] was unable to make friends with girls her own age. It seemed that only [K.] was willing to be her friend. [R.] testified that she, [K.] and [Matias] played a video game as they sat on a couch in the Matias' basement. It was on this occasion that the first sexual assault was alleged to have occurred. [R.] described to the jury how the three were positioned on the couch. While seated between [Matias] and [K.], [R.] testified that [Matias] reached behind her back and placed his hand down into her pants and rubbed his hand on her bare buttocks. This account was bizarre and it was different from her statement to the Philadelphia police detectives and her testimony at the preliminary hearing. In both her statements to police and her previous testimony, [R.] testified that [K.] was not in the basement when [Matias] sexually assaulted her on the first occasion. For the first time on direct examination at trial, [R.] testified that [K.] was seated on the couch during

the first sexual assault. This change in testimony presented a sound reason to call [K.] as a witness. If called as a witness, [K.] would have testified that she, [R.] and [Matias] sat on a couch in the Matias' basement on only one occasion. [K.] would have testified that [Matias] set up the video game for her and [R.] and then [Matias] went upstairs[,] leaving only [K.] and [R.] on the couch. [K.] was 8 years old in May 2009.[K.] was at the 2010 PCRA Evidentiary Hearing held by [the PCRA c]ourt with her mother. [Matias] and Mrs. Matias asked LaTour to call [K.] as a witness[,] but LaTour decided otherwise because of her young age and because the jury might not like [Matias] calling his daughter to testify. LaTour also testified that he never spoke with [K.] to determine what her testimony would be. In conclusion, LaTour decided not to call [K.] without ever interviewing her. At the 2010 PCRA Evidentiary Hearing ..., [K.] completely contradicted [R.'s] testimony.

PCRA Court Opinion, 12/9/10, at 3–4, 5–6 (citations omitted). The notes of testimony from the PCRA court's evidentiary hearing confirm its findings. *See N.T.,* 11/10/10, at 37 (wherein K. testified that Matias only went into the basement to put games together, checked that they worked, after which he would leave the basement); 38 (wherein K. testified that Matias had remained in the basement only a few minutes before going upstairs); 39 (wherein K. testified that nothing out of the ordinary took place while Matias was in the basement).

Upon reviewing the record, we discern no error or abuse of discretion by the PCRA court. The record supports the PCRA court's observation that the Commonwealth's case against Matias rested entirely upon the credibility of R., and the PCRA court's determination that the absence of K.'s testimony was so prejudicial as to deny Matias a fair trial. Accordingly, we cannot grant the Commonwealth relief on this claim.

■ The Commonwealth also challenges the PCRA court's grant of relief based upon LaTour's failure to present photographic evidence regarding the absence of a bathroom in Matias's basement. Brief for the Commonwealth at 21–22. The Commonwealth disputes the PCRA court's finding that the photographs would have negated R.'s credibility. *Id.* at 22. According to the Commonwealth, the photographs of the Matias basement would have corroborated R.'s testimony that there was a sink in the basement. *Id.*

In granting Matias PCRA relief, the PCRA court opined as follows:

At its core, this case concerned [R.'s] word against [Matias's] word. In order to win an acquittal, the defense had to discredit [R.'s] testimony. The defense had photographic evidence in its possession that would cast great doubt on [R.'s] believability. LaTour did not present that photographic evidence to the jury....

. . .

[R.] testified at trial that a sexual assault by [Matias] occurred in the bathroom in [Matias's] basement. LaTour did not investigate the case properly because he did not view the crime scene, the Matias' basement. Therefore, LaTour was unaware that there was no bathroom in the basement. Furthermore, [Matias] and his wife gave LaTour photographs of their basement[,] which photographs LaTour either misplaced or failed to recognize the relevance thereof. LaTour did not present these photographs of the Matias' basement into evidence at the trial. These photographs conclusively proved that there was no

bathroom in the Matias' basement which would have conclusively destroyed [R.'s] testimony and her credibility. **This Court finds as fact** that [Matias] and his wife gave LaTour the photographs of the basement. These photographs of the Matias' basement were of critical importance to [Matias's] defense. . . .

The jury[,] during its deliberations[,] sent a note to [the trial c]ourt dated May 22, 2009 (Jury's Note) which stated:

What was [R.'s] testimony in describing the "bathroom" in the basement where she was **allegedly** molested?

As can be seen by the Jury's Note, the jury obviously had trouble with the inconsistencies and credibility in [R.'s] testimony. The jury had completely discounted [R.'s] testimony about the alleged molestation on the couch as simply preposterous where [Matias] would have had to have at least three hands to do everything that [R.] in her testimony said he did. The jury was pondering the credibility of [R.'s] testimony concerning the bathroom in the basement. At the time, [the trial c]ourt was not aware that there was no bathroom in the basement. If the Jury had these photographs of the Matias' basement in the jury deliberation room, they would be a constant reminder that [R.] lied and the jury's verdict would have been for acquittal.

PCRA Court Opinion, 12/9/10, at 4–5 (emphasis in original).

The record supports the PCRA court's determination that Matias's claim has merit, LaTour had no reasonable basis for not investigating and presenting the photographs at trial, and that LaTour's dereliction caused Matias prejudice. Discerning no error or abuse of discretion by the

PCRA court in granting Matias relief, we affirm the Order of the PCRA court.[3]

Order affirmed.

Judge MUNDY files a Dissenting Opinion.

DISSENTING OPINION BY MUNDY, J.:

I respectfully dissent. Contrary to the Majority, I believe the PCRA court committed error in concluding that trial counsel rendered ineffective assistance by failing to call Matias's minor daughter, K., as a witness, and in failing to present photographic evidence regarding the absence of a bathroom in Matias's basement. Specifically, the Majority reasons as follows.

[W]e discern no error or abuse of discretion by the PCRA court. The record supports the PCRA court's observation that the Commonwealth's case against Matias rested entirely upon the credibility of R., and the PCRA court's determination that the absence of K.'s testimony was so prejudicial as to deny Matias a fair trial.

. . .

The record supports the PCRA court's determination that Matias's claim has merit, [trial counsel] had no reasonable basis for not investigating and presenting the photographs at trial, and that [trial counsel's] dereliction caused Matias prejudice.

Majority Opinion at 812, 813.

My review of the evidentiary record, however, reveals ample support for the Commonwealth's contention that "[t]rial counsel was not ineffective for not calling [K.] as a witness where she could not have materially impeached the victim and would

---

**3.** In its Opinion, the PCRA court concluded that the verdict was against the weight of the evidence. We view the PCRA court's conclusion only in the context of whether LaTour's ineffectiveness caused Matias prejudice.

have undermined [Matias's] case." *See* Commonwealth's Brief at 16. This Court has held, "[a] defense attorney's failure to call certain witnesses does not constitute *per se* ineffectiveness." *Commonwealth v. Cox*, 603 Pa. 223, 983 A.2d 666, 693 (2009) (citation omitted). Rather, "the failure to call a witness . . . generally involves a matter of trial strategy." *Commonwealth v. Lauro*, 819 A.2d 100, 105 (Pa.Super.2003) (citation omitted), *appeal denied*, 574 Pa. 752, 830 A.2d 975 (2003).

Herein, Matias's trial counsel had a reasonable and legitimate basis for not calling his daughter, K., to testify on his behalf at trial. At the PCRA hearing, Attorney LaTour testified that his strategy during trial was that the failure to call K., an alleged eyewitness to the initial sexual assault, should be held against the Commonwealth.

> [Attorney LaTour]: [F]rom a strategy standpoint, I felt is [sic] was advisable to [not call K. to testify]. Number one, I didn't want to subject [K.] to that. She was young. And as I made the argument to the jury during the case, [K.] was equally available to the government to call as a witness and she was never called as witness by the government to testify against [Matias] and the argument was then obviously if there was any corroboration by my client's daughter to the allegations the Government would have called her.

N.T., 11/9/10, at 11, *referencing N.T.*, 5/22/09, at 22. Attorney LaTour further testified that he discussed calling K. as a defense witness with her parents, and they accepted his advice against it. N.T., 11/9/10, at 10–11.

Moreover, my review of the record reveals that trial counsel's strategic decision not to call K. to testify was sound, given that her testimony would not have been particularly helpful to Matias's case. Indeed, Attorney LaTour cautioned that calling such a young child as a defense witness "could backfire." N.T., 11/9/10, at 22–23. My review further indicates that K.'s testimony contradicted that of Matias. Notably, K.'s account at the PCRA hearing was inconsistent with Matias's trial testimony. At trial, Matias testified that he did not play the video game with R. and K., but only entered the basement for the purpose of connecting the video game to the basement television, and "didn't stay down there with them." N.T., 5/21/09, at 135–136. K., however, specifically acknowledged that at one point during the incident in question, they were sitting on the couch with Matias.

> Q. Do you ever remember your dad ever playing the video game?
>
> A. He only checked it out once to see if he put it together correctly?
>
> Q. When you were playing the video game, where were you guys sitting?
>
> A. I was sitting next to—
>
> THE COURT: I'm sorry. I missed that.
>
> Q. Repeat your answer.
>
> A. I was sitting in the middle and he was next to me and [R.] was on the other side of me.

N.T., 11/10/10, at 37.

This Court will not deem counsel to be ineffective if counsel's strategy not to call a witness had some reasonable basis designed to effectuate his client's interest. *See Commonwealth v. Poindexter*, 435 Pa.Super. 509, 646 A.2d 1211, 1217 (1994) (stating, "[t]he failure to call a possible witness will not be equated with a conclusion of ineffectiveness, absent some positive demonstration that the testimony would have been helpful to the defense[ ]") (citation omitted), *appeal denied*, 540 Pa. 580, 655 A.2d 512 (2005). Thus, I disagree with the Majority that trial counsel was

ineffective for pursuing this reasonable and legitimate trial strategy. *See Commonwealth v. Hammond*, 953 A.2d 544, 558 (Pa.Super.2008) (stating, "[a] claim of ineffectiveness generally cannot succeed through comparing, in hindsight, the trial strategy employed with alternatives not pursued[ ]") (citations omitted), *appeal denied*, 600 Pa. 743, 964 A.2d 894 (2009).

Furthermore, I discern no legitimate basis upon which to deem trial counsel ineffective for failing to introduce photographs of Matias's basement. In support of its finding that trial counsel was ineffective, the PCRA court reasoned that these photographs "conclusively proved that there was no bathroom in [Appellee's] basement" and would have rendered R.'s testimony that Appellee sexually assaulted her in said bathroom incredible. PCRA Court Opinion, 12/7/10, at 4; *see also* PCRA Court Supplemental Opinion, 3/1/11, at 2–3. For the following reason, I disagree.

My review of the record reveals that Attorney LaTour's failure to introduce the photographs depicting an absence of a bathroom in Matias's basement was in no way prejudicial, as this fact was conceded during trial. Specifically, R. acknowledged on direct examination that her pretrial statements referring to a basement bathroom were incorrect, and that there was no toilet in the basement but only a sink that she characterized as "like part of a bathroom." N.T., 5/21/09, at 70. Specifically, R. testified as follows.

Q. You mentioned a bathroom in the basement. Where was the bathroom?

A. (Witness did not respond.)

Q. We can't hear you. What did you say?

A. It wasn't a bathroom down there. There was like one upstairs. There wasn't one in the basement.

Q. Was there a toilet in the basement?

A. No.

Q. Was there a little bathroom in the basement?

A. No.

Q. When you talk about something happening in the bathroom, what bathroom are you talking about?

A. I was talking about the one that was like kind of like down there, but it was not like a bathroom there. It was kind of like a sink down there.

Q. When you say the one that was down there, are you talking about the basement?

A. Yes.

Q. And there was a sink down there?

A. Yeah.

Q. So it was like part of the bathroom?

A. Yeah.

*Id.* at 69–70.

Based on the foregoing, therefore, I believe that Matias was not prejudiced by Attorney LaTour's decision not to introduce the photographs depicting an absence of a bathroom in the basement. This Court has long recognized that "[i]n order to obtain relief on an ineffective assistance of counsel claim, a petitioner must establish[, *inter alia*,] ... the ineffectiveness of counsel caused the petitioner prejudice." *Commonwealth v. Miller*, 605 Pa. 1, 987 A.2d 638, 648 (2009), *referencing Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987) (remaining citations omitted). Accordingly, I conclude that Matias is not entitled to relief on this ineffectiveness claim.

Lastly, although not addressed by the Majority, I also conclude that the PCRA court erred in granting Matias PCRA relief on the basis the verdict was against the weight of the evidence. *See* PCRA Court Supplemental Opinion, 3/1/11, at 5–6. This Court has long recognized that in

order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). As a weight of the evidence challenge is not one of the enumerated errors set forth in section 9543(a)(2), I conclude that the PCRA court erred in granting relief on this basis.

In reaching its decision, I recognize that the PCRA court acknowledged, "a weight of the evidence theory is usually raised in a direct appeal from a judgment of sentence." PCRA Court Supplemental Opinion, 3/1/11, at 5. Nonetheless, the PCRA court further noted, "[it] considered and decided [Matias's] weight of the evidence claim in this case **in the interest of economy and justice** since no direct appeal was filed by [Matias] to the Superior Court and, as a consequence, there has been no appellate court review of [Matias's] claim that the jury's verdict was against the weight of the evidence." *Id.* at 6 (emphasis in original). Based upon a strict application of the PCRA, I find this reasoning improper. *See Commonwealth v. Judge,* 568 Pa. 377, 797 A.2d 250, 257 (2002) (noting that "strict adherence to the statutory language of the PCRA is required[ ]") (ci-

tation omitted); *Commonwealth v. Sneed,* —— Pa. ——, 45 A.3d 1096, 1105 (2012) (reiterating that "a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated circumstances found in section 9543(a)(2)[,]") (citation omitted).

In any event, I note that Matias's weight claim is waived. Matias, as recognized by the PCRA court, could have raised this claim on direct appeal to this Court, but failed to do so. *See* 42 Pa.C.S.A. § 9544(b) (stating, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding[ ]").

Accordingly, for all the foregoing reasons, I cannot agree that Matias was entitled to relief under the PCRA. Thus, I would vacate the December 7, 2010 order and remand so that Matias's judgment of sentence could be reinstated.