J. S16039/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
           Appellee :
:
          v. :
:
JONATHAN D. LITTLE, :
:
          Appellant : No. 1919 EDA 2015

Appeal from the PCRA Order May 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0405382-2000

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 13, 2016**

Appellant, Jonathan Little, appeals *pro se* from the Order denying as untimely his second Petition filed pursuant to Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §9542-9545. In light of **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), and **Commonwealth v. Secreti,** __ A.3d __, 2016 WL 513341 (Pa. Super. filed Feb. Feb. 9, 2016), we vacate and remand for further proceedings consistent with **Montgomery**.

In 2001, when Appellant was fifteen years old, he was tried as an adult by a jury and convicted of first-degree murder, possessing instruments of crime, and criminal conspiracy. The trial court imposed, *inter alia*, a mandatory term of life imprisonment without the possibility of parole ("LWOP") for the murder conviction. This Court affirmed his judgment of sentence, and our Supreme Court denied allocatur.

Appellant's first timely PCRA petition, asserting ineffective assistance of counsel, was denied without a hearing, and this Court affirmed in 2007. In 2010, Appellant filed his second PCRA petition, and amended it in August 2012, asserting a new constitutional right under **Miller v. Alabama**, __ U.S. __, 132 S.Ct. 2455 (2012).[1] On May 26, 2015, the PCRA court denied the petition without a hearing as untimely, noting that pursuant to **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), **Miller** did not create a new retroactive constitutional right. **See Trial Court Order and Memorandum**, dated May 26, 2015, at 1 n.1.

Appellant timely appealed *pro se* on June 22, 2015, raising the following issues*:*

    a. The above named Petitioner is being deprived of his State Constitutional Rights and suffering an extreme inequity of justice as held under Article 1 §13 and § 26 of Pennsylvania's Constitutional Declaration of Rights.  In conjunction with violations of his 8th and 14th Amendments of the United States Constitution.

    b. Petitioner in this matter avers that a "mandatory" sentence of life without the possibility of parole for a juvenile violates Article 1 §13, and Article 1 § 26, of the Pennsylvania Constitution which prohibits "Cruel Punishment" or "Deny to any person the enjoyment of any Civil Right."

    c. The Pennsylvania Supreme Court stated themselves in **Commonwealth v. Cunningham**, No. 38 EAP 2012, quoting **Geter**, 115 So. 3rd at 377: ["Clearly and unequivocally, the

---

[1] Appellant filed a petition for *habeas corpus* relief in December 2013. The trial court noted that the issue raised, *i.e.*, a newly recognized constitutional right, was cognizable under Section 9545(b)(1)(iii) of the PCRA.  The trial court, thus, considered the petition to be a second amendment to his 2010 PCRA petition. **See** Trial Court Order, dated 5/26/15, at 1.

Supreme Court distinguished between the substantive determinations of a categorical bar prohibiting a 'penalty for a class of offenders or type of crime,' as in Roper, and Graham."] Thus, applying Graham retroactive to juvenile offenders on collateral review.

d. Must an evidentiary hearing be held when it is impossible to determine from the record that PCRA claims are frivolous? The Commonwealth's untimely claims are frivolous when the constitutionality of a sentence is at question and is the issue, and the basis of the request for an evidentiary hearing.

Appellant's Brief at 1-2.

On January 25, 2016, while Appellant's PCRA appeal was pending, the U.S. Supreme Court decided *Montgomery*, *supra*, holding that *Miller* must be applied retroactively by the States.

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Commonwealth v. Mattias*, 63 A.3d 807, 810 (Pa.Super. 2013), quoting *Johnson*, *supra* at 532.

Appellant challenges the LWOP imposed upon him as a juvenile. The PCRA court denied Appellant's request for collateral relief after concluding that *Cunningham*, *supra*, explicitly provided that *Miller* did not create a new constitutional right that applies retroactively. This issue implicates the

holding of the U.S. Supreme Court's recent decision in **Montgomery**, **supra**.

In **Secreti, supra**, this Court recently recognized that "**Montgomery** has clarified **Miller** with regard to its substantive law and retroactivity. Consequently, … **Cunningham**, **supra**, no longer controls in this context." **Secreti, supra** at *5. The panel concluded that "**Miller** remains the lodestar for substantive constitutional law on this subject such that the retroactivity determination will be deemed to have existed at the time the pending petition[ was] filed." **Secreti**, **supra** at *6. Thus, as a result of **Montgomery**, "the **Miller** rule of law 'has been held' to be retroactive for purposes of collateral review as of the date of the **Miller** decision on June 25, 2012." **Secreti** at *6, citing **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501-2 (Pa. 2002) (noting that the "language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the Petition is filed.").

The instant case "represents an example of the unique situation implicating those PCRA petitions seeking **Miller** relief which were filed in the time gap following **Miller** but before **Montgomery**." **Secreti**, **supra**, at *5. Here, Appellant amended his current PCRA petition on August 20, 2012, within 60 days of the June 25, 2012 **Miller** decision, as required by Section 9545(b)(2), and asserted **Miller's** substantive law as an exception to the PCRA timeliness requirements, as provided in Section 9545(b)(1)(iii). While

the appeal of the denial of his PCRA Petition was pending in this Court, the U.S. Supreme Court decided **Montgomery**.

Because Appellant had timely raised his **Miller** claim, and his Petition was pending on appeal at the time **Montgomery** was decided, Appellant's issues are cognizable under the rule announced in **Montgomery**. Accordingly, we reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013).[2] **See Secreti**, **supra** at *6.

Order reversed; case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016

---

[2] In **Batts**, **supra**, the Pennsylvania Supreme Court recognized that "**Miller** requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life without parole on a juvenile." **Batts**, 66 A.3d. at 296.