J-S33036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID H. DEANGELO, | : | |
| | : | |
| Appellee | : | No. 1976 MDA 2016 |

Appeal from the PCRA Order November 22, 2016
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005383-2014

BEFORE: BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED AUGUST 10, 2017**

The Commonwealth of Pennsylvania appeals from the order entered November 22, 2016, which granted Appellee David H. Deangelo relief in the form of a new trial on his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. After review, we reverse the PCRA court's order.

Deangelo was found guilty of indecent assault and summary harassment following a bifurcated trial.[1] On October 28, 2015, Deangelo was sentenced to an aggregate term of two years of probation. He did not file post-sentence motions or an appeal. On August 9, 2016, Deangelo filed a PCRA petition alleging that, *inter alia*, trial counsel was ineffective for "failing

---

[1] The jury sat as factfinder on the indictable offense and found Deangelo guilty of indecent assault, and the trial court convicted him of summary harassment.

*Retired Senior Judge assigned to the Superior Court.

to properly call character witnesses" and failing to "present effective character witness evidence." PCRA Petition, 8/9/2016, at 2 (unnumbered). Following a hearing, the PCRA court determined that trial counsel was "ineffective in preparing and presenting … character witnesses," and issued an order granting Deangelo a new trial. PCRA Court Opinion, 12/7/2016, at 6-7. This appeal followed. Both the Commonwealth and the PCRA court have complied with the mandates of Pa.R.A.P. 1925.

On appeal, the Commonwealth raises the following issues.

> A. Did the PCRA court err by finding trial counsel ineffective for failing to call character witnesses where the record demonstrates that counsel called all [13] of [] Deangelo's character witnesses at trial?
>
> B. Did the PCRA court err as a matter of law by finding that Deangelo was prejudiced by trial counsel's improper presentation of character evidence where all of Deangelo's character witnesses testified favorably for the defense including several witnesses whose testimony exceeded the permissible scope of character evidence under Pa.R.E. 405?

Commonwealth's Brief at 4 (unnecessary capitalization omitted).

"Our standard of review in an appeal from the grant or denial of PCRA relief requires us to determine whether the ruling of the PCRA court is supported by the record and is free from legal error." *Commonwealth v. Lesko*, 15 A.3d 345, 358 (Pa. 2011) (citation omitted). This Court "will not disturb findings that are supported by the record." *Commonwealth v. Watley*, 153 A.3d 1034, 1039–40 (Pa. Super. 2016) (citation omitted).

When analyzing ineffectiveness claims, we begin with the presumption that counsel was effective. [T]he defendant bears the burden of proving ineffectiveness. To overcome the presumption of effectiveness, a PCRA petitioner must demonstrate that: (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs. To establish the second ineffectiveness prong, the petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the third prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Id.* at 1040 (citations and quotation marks omitted).

It is well-settled that "evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all the evidence presented in the case on the general issue of guilt or innocence." ***Commonwealth v. Hull***, 982 A.2d 1020, 1023 (Pa. Super. 2009) (citation omitted). Our Supreme Court has emphasized that "[i]n a case such as this, where there are only two direct witnesses involved, credibility of the witnesses is of paramount importance, and character evidence is critical to the jury's determination of credibility. Evidence of good character … may, in and of itself, create a reasonable doubt of guilt and, thus, require a verdict of not guilty." ***Commonwealth v. Weiss***, 606 A.2d 439, 442 (Pa. 1992).

Instantly, the jury heard testimony from Deangelo, his wife, his alleged victim, his victim's co-workers, and the responding officer. N.T., 6/17-18/2015, at 83-220. Additionally, defense counsel presented 13 witnesses to testify as to Deangelo's character for law-abidingness. *Id.* at 221-266. Of those 13, nine failed to qualify as character witnesses under Pa.R.E. 405.[2] *Id.* The remaining four individuals did qualify as character witnesses pursuant to the Rules of Evidence and testified regarding Denagelo's positive, long-standing reputation in the community for law-abidingness. *Id.*

At the PCRA hearing, trial counsel testified that Deangelo had given her the list of 13 potential character witnesses prior to trial. N.T.,

---

[2] The Rule provides that "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation. **Testimony about the witness's opinion as to the character or character trait of the person is not admissible**." Pa.R.E. 405 (emphasis added). Here, the trial court granted the Commonwealth's objection to the testimony given by four potential character witnesses, Merrill Schaeffer, Linda Schaeffer, Tom Ashman, and Michelle Deangelo, after each admitted under questioning from defense counsel that he or she did not discuss with members of Deangelo's community his reputation for law-abidingness. N.T., 6/17-18/2015, at 241-247, 253-256, 262-265. Three additional witnesses, Jerry Oyler, Carolyn Oyler, and Susan Klusaritz, were withdrawn by defense counsel after each testified that he or she had not discussed Deanglo's relevant character trait with members of his community. *Id.* at 248-253, 257-259. Notably, all three indicated that he or she had not done so because there was no need and testified that he or she knew nothing "negative" about Deangelo's reputation. *Id.* Witnesses Judith Bauer and Jerome Klusaritz lacked the proper foundation for providing character testimony, but neither was subject to a ruling by the trial court, nor was either witness withdrawn by counsel. *Id.* at 231-235, 259-261. Both Judith Bauer and Jerome Klusaritz testified that he or she was aware personally of Denagelo's positive, law-abiding reputation. *Id.*

11/3/2016, at 7-8. Counsel contacted the witnesses by telephone but "only spoke to a few of them" for a few minutes at a time. *Id.* at 11-12. While she had presented character witnesses at prior trials, counsel conceded that she did not spend enough time preparing Deangelo's character witnesses; thus, those persons were unaware they could not testify as to specific instances of, or their subjective belief in, Deangelo's reputation for law abidingness. *Id.* at 13-16. Counsel acknowledged that she was unable to rehabilitate nine of the witnesses called to testify at trial, although these witnesses did testify favorably about Deangelo before their testimony was objected to or stricken from the record. *Id.* at 13-26. Following the PCRA hearing, the PCRA court granted Deangelo's request for a new trial, explaining as follows.

> [Deangelo] wanted thirteen witnesses who were his friends, former co-workers, and a daughter-in-law, to testify as to his good character. All these witnesses lived, interacted, socialized and worked in the pertinent community; therefore, they had to have known about [DeAngelo's] reputation as to law abidingness, his lack of a criminal record, and the lack of such an accusation in his lifetime. Thus, these witnesses could have been crucial to his case since the only evidence of what had occurred was the controverted testimony of the victim and [DeAngelo].
>
> Nine witnesses, because of cross examination and objections by the Commonwealth, did not testify as to [Deangelo's] reputation in the community. Due to their lack of preparation by trial counsel, they were eliminated as witnesses by defense counsel after they had been called to testify and after being sworn in as witnesses. The elimination of the witnesses after each one's attempt to testify as to the positive character of [Deangelo] was even worse than not calling them at all. The

witnesses were impotent; their failure to present useful testimony, as to [Denagelo's] reputation, cast further suspicion on [Deangelo's] character. These were all people who know [Deangelo] very well for years. Each was a person of reputable character; but the majority could not even tell the jury what a man of positive character [Deangelo] is in the community. The jurors were thus free to conclude that the character witnesses could not testify as to [Deangelo's] good character because although these are [Deangelo's] friends, co-workers, and relatives, they had nothing positive to say about his character, making this strategy counterproductive for [Deangelo].

PCRA Court Opinion, 11/23/2016, at 5-6.

We begin by noting that, specifically related to a claim for ineffectiveness for the failure to call a witness, the PCRA petitioner must establish that "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." **Commonwealth v. Matias**, 63 A.3d 807, 810–811 (Pa. Super. 2013). Further, "ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense." **Commonwealth v. O'Bidos**, 849 A.2d 243, 249 (Pa. Super. 2004). Deangelo's PCRA petition did not contain the affidavits of any of the "impotent" witnesses averring that those persons could give proper character testimony. Accordingly, his claim fails.

Moreover, even if Deangelo had met this burden, and assuming *arguendo* that the issue has arguable merit, and that counsel had no reasonable basis for her lack of preparation, our review of the record demonstrates that the PCRA court erred in determining that Deangelo suffered prejudice such that a new trial was warranted. Denagelo was not deprived completely of the opportunity to present character testimony. Rather, the fact remains that four persons, Dana Fisher, N.T., 6/17-18/2015, at 227-228; Robert Lindenmuth, **id.** at 229-231; Joan Miller, **id.** at 235-327; and Steven Miller, **id.** at 238-241, testified as to Deangelo's character for law-abidingness within the confines of Pa.R.E. 405. The remainder of the proffered witnesses testified favorably on Deangelo's behalf, even if their testimony was inadmissible. Notably, the trial court, which sustained the Commonwealth's objections to the improper character testimony and granted a number of motions to strike, did not instruct the jury to disregard the testimony of those witnesses. Thus, contrary to the PCRA court's conclusion, the jury heard from multiple sources that Deangelo was a man of a law-abiding nature and no suspicion was cast as to Denagelo's character.

Moreover, our Supreme Court has held that trial counsel will not be found ineffective for failing to call a witness whose testimony would be cumulative. **Commonwealth v. Gibson**, 951 A.2d 1110, 1134 (Pa. 2008). We are mindful that, in cases such as this, character evidence is of the paramount importance. **Weiss,** 606 A.2d 439. However, we reiterate that

the jury heard from four character witnesses and nine others, all of whom testified favorably on behalf of Deangelo. In his PCRA petition, Deangelo failed to demonstrate how additional character testimony would have been anything other than cumulative. Thus, we are unconvinced that Deangelo was prejudiced.

Accordingly, because Deangelo did not append to his PCRA petition affidavits indicating that the nine disputed witnesses could, with additional preparation, provide proper character testimony, and because the record does not support the court's conclusion as to prejudice, we hold that Deangelo failed to meet his burden of proving counsel's ineffectiveness and reverse the order granting him a new trial.

Order reversed. Jurisdiction relinquished.

P.J.E. Bender joins.

Judge Ott concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2017