J-E03003-20

2021 PA Super 80

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| COLBY DAVID ORNER | : | |
| | : | |
| Appellee | : | No. 351 MDA 2019 |

Appeal from the PCRA Order Entered January 24, 2019
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007025-2013

BEFORE: PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., OLSON, J., STABILE, J., NICHOLS, J., McLAUGHLIN, J., and KING, J.

DISSENTING OPINION BY KING, J.:                    **FILED APRIL 27, 2021**

I respectfully disagree with the majority's decision to affirm the PCRA court's order granting Appellee a new trial due to counsel's failure to call Evelyn Detter as a witness. In my opinion, counsel's actions did not prejudice Appellee. Consequently, Appellee failed to satisfy each prong of the test for ineffectiveness. Therefore, I would reverse the PCRA court's order and reinstate Appellee's judgment of sentence.

At the PCRA hearing on August 15, 2018, trial counsel stated that Appellee identified Mrs. Detter as a possible witness prior to trial. (N.T. PCRA Hearing, 8/15/18, at 9). To that end, trial counsel hired a private investigator to take a statement from Mrs. Detter on May 20, 2014. In that statement, Mrs. Detter told the private investigator that "[M.B.] had told [Mrs. Detter] that [the incident] was consensual and that [M.B.] was caught in the act by

her boyfriend." (*Id.* at 10). Trial counsel, however, was unable to locate Mrs. Detter to testify at Appellee's trial.

On cross-examination, trial counsel clarified that his trial strategy was to emphasize that M.B. and Appellee engaged in consensual oral sex, but that Appellee denied having any penile/vaginal sex with M.B. (*Id.* at 21). Trial counsel admitted that Mrs. Detter's May 20, 2014 statement was inconsistent with Appellee's (and M.B.'s) trial testimony, where Mrs. Detter's statement "referred to just sex not about oral." (*Id.* at 22-23). Trial counsel also admitted that Mrs. Detter's statement was inconsistent with Appellee's trial testimony concerning "how [Appellee] left or how it was stopped," and whether M.B. accompanied Appellee and Mr. Krouse to the VFW. (*Id.* at 22-23).

Mrs. Detter testified that she was prepared to be a witness for Appellee, but did not receive a subpoena because she was in Atlantic City caring for her father. (*Id.* at 33-34). Mrs. Detter indicated that, had she been called to testify at Appellee's trial, she would have testified that M.B. "always had trouble" with Mr. Krouse. (*Id.* at 35). Mrs. Detter also claimed she would have testified that M.B. and Appellee had a "sexual relationship" prior to Appellee's alleged rape of M.B. on December 31, 2012. (*Id.* at 38-39). Mrs. Detter admitted that she was not a witness to the incident, and she was not present in the house at the time it occurred. (*Id.* at 35).

Mrs. Detter further stated that a day or two after the incident, M.B. told

her that M.B. and Appellee had planned to get Mr. Krouse drunk on New Year's Eve so that M.B. and Appellee could have "sexual contact." (*Id.* at 36-37). M.B. told Mrs. Detter that the trio went to the VFW to drink. (*Id.*) Mrs. Detter explained that M.B. left the VFW first and Appellee soon followed her. (*Id*. at 37). Mrs. Detter testified that M.B. told her that while M.B. and Appellee were having sex, Mr. Krouse returned home from the VFW and walked into the bedroom, causing Appellee to jump off of M.B. and run away. (*Id.* at 37-38).

As the majority acknowledges:

> [T]o prevail on a claim of ineffectiveness for failing to call a witness, a [petitioner] must prove, in addition to meeting the three ***Pierce***[1] requirements, that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) **the absence of the [witness'] testimony was so prejudicial as to have denied him a fair trial.**

***Commonwealth v. Wright***, 599 Pa. 270, 331, 961 A.2d 119, 155 (2008) (emphasis added). Specifically:

> To demonstrate…prejudice, a petitioner must show how the uncalled [witness'] testimony would have been beneficial under the circumstances of the case. **Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the [witness'] testimony would have been helpful to the defense**. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

---

[1] ***Commonwealth v. Pierce***, 537 Pa. 514, 645 A.2d 189 (1994).

*Commonwealth v. Sneed*, 616 Pa. 1, 23, 45 A.3d 1096, 1109 (2012) (internal citations and quotation marks omitted) (emphasis added).

Instantly, Mrs. Detter's proposed testimony that M.B. and Mr. Krouse had a "troubled" relationship was cumulative of trial testimony from Mr. Krouse, Officer Scott George, Scott Stambaugh, and Appellee. (N.T. Trial, 10/8-9/14, at 187-88; 209; 308; 313-18). Additionally, Mrs. Detter's proposed testimony that M.B. and Appellee had a sexual relationship prior to the day of the incident was cumulative of Appellee's trial testimony. (*Id.* at 313; 320; 339; 364-65).

As for Mrs. Detter's testimony that M.B. told her that she and Appellee planned to get Mr. Krouse drunk on New Year's Eve so they could have "sexual contact," and that the trio went to the VFW, this testimony contradicted Appellee's trial testimony that M.B. did not go to the VFW and that M.B. did not explicitly ask him to engage in sexual contact that evening. (*Id.* at 319-20; 343). Mrs. Detter's testimony that M.B. told her that Mr. Krouse walked into the house while Appellee and M.B. were having sex, leading Appellee to "jump off" of M.B. and run away, also contradicted Appellee's own trial testimony. Rather, Appellee testified that he stopped having oral sex with M.B. at her request and simply left the residence. (*Id.* at 321-23; 347-48). Finally, to the extent Mrs. Detter's testimony can be interpreted to imply that M.B. and Appellee had penile/vaginal sexual intercourse that night, this also contradicted Appellee's trial testimony that he and M.B. did not engage in

penile/vaginal sexual intercourse.  (*Id.* at 322; 324-25; 328-29; 345-46).

The record demonstrates that Mrs. Detter's proffered testimony does not add any new evidence to Appellee's case. *See Commonwealth v. Tharp*, 627 Pa. 673, 710, 101 A.3d 736, 758 (2014) (explaining appellant failed to demonstrate prejudice where proposed witness' testimony would have been merely cumulative of other evidence).  In fact, much of Mrs. Detter's testimony contradicts the evidence presented by Appellee.  *See Sneed, supra* at 23, 45 A.3d at 1109 (stating "counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense").  Appellee, therefore, cannot prove counsel's failure to call Mrs. Detter as a witness prejudiced him, where it is unlikely that Mrs. Detter's testimony would have influenced the outcome of the proceedings.[2]  *See id.*

_____

[2] The majority compares the facts of this case to *Commonwealth v. Matias*, 63 A.3d 807 (Pa.Super. 2013) (*en banc*), *appeal denied*, 621 Pa. 671, 74 A.3d 1030 (2013).  In *Matias*, this Court agreed with the PCRA court's decision to grant appellant a new trial where appellant's trial counsel failed to call appellant's daughter to testify concerning appellant's alleged abuse of Victim, and the Commonwealth's case against appellant rested entirely upon Victim's credibility.  *Matias* is distinguishable from the instant matter, however, because the court in *Matias* found Victim's testimony (which the jury relied upon to convict appellant) to be "bizarre, unbelievable, and ever changing…." *Id.* at 811.  The court in *Matias* concluded that trial counsel should have called appellant's child to testify because the child's testimony could have contradicted Victim's unreliable statements.  Here, M.B.'s testimony remained consistent throughout the course of the investigation and proceedings.  Therefore, unlike appellant's child's testimony in *Matias*, Mrs. Detter's testimony would not have so easily undermined M.B.'s testimony as to render it crucial to the trial's outcome.

Under these circumstances, Appellee cannot show counsel provided ineffective assistance, and I would reverse the order awarding a new trial and reinstate Appellee's judgment of sentence. Accordingly, I dissent.

President Judge Panella and Judge McLaughlin join the dissenting opinion.

Judge Nichols concurs in the result.