J-S27010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
THOMAS LEE BONO :
:
Appellant : No. 1754 MDA 2022

Appeal from the PCRA Order Entered December 8, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001067-2021

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 11, 2023**

Appellant, Thomas Lee Bono, appeals from the post-conviction court's December 8, 2022 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts underlying Appellant's convictions are not pertinent to our disposition of his present appeal. We need only note that on June 10, 2022, Appellant pled guilty to various offenses, including driving under the influence of alcohol (75 Pa.C.S. § 3802(b)) and unauthorized use of a motor vehicle (18 Pa.C.S. § 3928(a)). He was sentenced that same day to an aggregate term of 6 to 18 months' incarceration. The sentencing order directed that Appellant would serve this sentence on house arrest with electronic monitoring, unless he was not approved for house arrest, in which case he would report to the

county prison by July 8, 2022. *See* Sentencing Order, 6/13/22, at 1 (single page). Appellant did not file a direct appeal.

Instead, on September 7, 2022, Appellant filed a *pro se* PCRA petition. Counsel was appointed, and filed an amended petition on Appellant's behalf on October 21, 2022. Therein, Appellant contended that he entered his guilty plea with the understanding that he would serve his sentence on house arrest, but he was ultimately denied approval for house arrest because his "out of county address was not acceptable" for electronic monitoring. Amended Petition, 10/21/22, at 2 (unnumbered). Appellant claimed that his trial counsel acted ineffectively by leading Appellant to believe that counsel would help Appellant find an in-county address so that he could be approved for electronic monitoring and serve his sentence on house arrest. However, counsel failed to do so, and Appellant was forced to serve his sentence of incarceration in the county jail. Thus, Appellant averred that his trial counsel acted ineffectively.

On December 2, 2022, the PCRA court conducted a hearing at which Appellant and his trial counsel both testified. On December 8, 2022, the court entered an order and opinion denying Appellant's petition. Appellant filed a timely notice of appeal. The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On March 30, 2023, the court issued a Rule 1925(a) opinion indicating that it was relying on the rationale set forth in its December 8, 2022 opinion accompanying its order denying Appellant's petition. Herein, Appellant states one issue for our

review: "Whether not affording [Appellant] further time to comply with the standards of house arrest rather than be incarcerated resulted in an excessive sentence to the degree that it amounted to an abuse of discretion?" Appellant's Brief at 4.

Initially, we note that:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Johnson*, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.*

*Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa. Super. 2013).

Here, Appellant begins by discussing the law pertaining to appellate review of the discretionary aspects of sentencing. *See* Appellant's Brief at 10-11. He then presents the following argument, in its entirety:

In the instant case, Appellant alleges that he should have been given a chance at house arrest/electronic monitoring. At sentencing, defense counsel requested a period of home confinement and it was agreed to. However, [Appellant] was not able to complete the requirements necessary to be fully approved for house arrest. He believed he needed an address in Schuylkill County and while it would seem that one was available to him, he seems to have lacked the ability to comprehend the steps he needed to take. He did call Adult Probation and he did call his attorney to try to fix the situation. His sentence was never meant to keep him in jail as long as he was. He suffered and did not initially make parole at his minimum.

*Id.* at 11.

Initially, Appellant's argument is waived. As set forth above, Appellant raised an ineffective-assistance-of-counsel claim in his PCRA petition.

- 3 -

Therefore, he cannot raise a sentencing challenge for the first time on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Moreover, Appellant could have raised this sentencing argument in a direct appeal from his judgment of sentence, yet he failed to do so. Therefore, it is waived on this basis, as well. *See* 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for post conviction relief, petitioner must plead and prove that a claim has not been waived); 42 Pa.C.S. § 9544(b) (stating "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[]conviction proceeding").

Even if not waived, we would conclude that the PCRA court did not err in denying Appellant's petition. In its December 8, 2022 opinion, the court noted that, prior to sentencing, it thoroughly explained to Appellant that he "was not yet eligible for electronic monitoring[,] but that the [c]ourt would provide him time to obtain a Schuylkill County address to become eligible." PCRA Court Opinion (PCO), 12/8/22, at 2. Appellant chose to proceed, aware of the chance he might not be approved for electronic monitoring. *Id.* At the PCRA hearing, Appellant's trial counsel testified that he had informed Appellant that he needed to obtain a Schuylkill County address to be approved for electronic monitoring. *Id.* at 3. Counsel attempted to assist Appellant in meeting this requirement, yet Appellant "failed to follow through on the recommendations" offered by counsel. *Id.* Additionally, Lisa Conville, the supervisor of Schuylkill County Adult Probation and Parole, "testified that

- 4 -

subsequent to sentencing[,] she spoke with … [Appellant] and specifically advised him that he needed to take the electronic monitoring orientation and process an application for electronic monitoring[,]" yet Appellant "chose to do neither." ***Id.***; ***see also*** N.T. PCRA Hearing, 12/2/22, at 22-23.

Considering the testimony at the PCRA hearing, the court concluded that Appellant

> chose to proceed knowing full well that he would be incarcerated if not eligible for electronic monitoring. [His trial counsel] did everything within his authority and power to make that happen; however, [trial counsel] is under no obligation to actually ensure that [Appellant] is compliant with the requirements of electronic monitoring. Both [trial counsel] and Ms. Conville specifically told [Appellant] exactly what he needed to do to become electronic monitoring eligible. [Appellant] chose, on his own, to ignore those recommendations and instead became incarcerated as opposed to house arrest. There were no errors or omissions of counsel and [Appellant's] claim has little to no merit. Had [Appellant] followed the advice of counsel, his sentence would be being served on electronic monitoring.

PCO at 5.

Based on the record and the PCRA court's rationale, we would discern no error in the court's denying Appellant PCRA relief, even had he preserved his appellate claims for our review.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date:  10/11/2023