J-A29045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMERON RITCHIE | : | |
| | : | |
| Appellant | : | No. 275 WDA 2024 |

Appeal from the PCRA Order Entered February 2, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005380-2020

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: FEBRUARY 13, 2025**

Appellant, Cameron Ritchie, appeals from the post-conviction court's order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant raises one claim of trial counsel's ineffectiveness.  After careful review, we affirm.

The facts underlying Appellant's convictions are not germane to our disposition of the issue he raises herein.  We need only note that, on September 27, 2021, Appellant entered a guilty plea to strangulation and simple assault.  That same day, he was sentenced to an aggregate term of three to ten years' incarceration.  He timely appealed, but then later filed a praecipe to discontinue that appeal.

On January 3, 2023, Appellant filed a timely, *pro se* PCRA petition.  Counsel was appointed and filed an amended petition on his behalf.  After the Commonwealth filed a response, the PCRA court issued a Pa.R.Crim.P. 907

notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a response to the Rule 907 notice, but on February 2, 2024, the court dismissed his petition.

Appellant filed a timely notice of appeal, and he and the court complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review: "Did the PCRA [c]ourt err in determining that [trial] counsel was not ineffective for failing to call witnesses to testify about [Appellant's] specific circumstances at the time of sentencing[?]" Appellant's Brief at 4.

"This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of

- 2 -

ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Here, Appellant claims that his trial counsel was ineffective for not calling witnesses at his sentencing hearing "to inform the [c]ourt about relevant information regarding therapy he attended, classes he successfully completed, and other positive changes [Appellant] made in his life." Appellant's Brief at 13. Appellant avers that his claim has arguable merit because "[a]ny information that would impact the sentence should have been presented to the [c]ourt." *Id.* at 15. In regard to the reasonable-basis prong, Appellant claims that his trial "counsel alluded to the witnesses and the information they would have provided[,]" showing that counsel "was aware the information was important for sentencing" and could have had no reasonable basis for not calling these witnesses. *Id.* Finally, with respect to prejudice, Appellant states that these "uncalled witnesses would have provided beneficial testimony" and, "[i]f the [c]ourt would have heard directly from people who were familiar with [Appellant's] therapy and attempts to better himself, this would have impacted the sentence imposed." *Id.* at 14. He insists that "counsel's failure to call witnesses to testify at sentencing was detrimental" because "[t]he [c]ourt imposed [his] sentence without hearing from individuals who had pertinent information for the court to consider. [Appellant] believes the [c]ourt would have imposed a lesser sentence, if

those witnesses had been called to provide relevant information to the [c]ourt." *Id.*

Appellant's argument is unconvincing. Initially, we recognize:

> [W]hen raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the ***Strickland v. Washington****,* 466 U.S. 668 … (1984)[,] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial….
>
> ***Commonwealth v. Sneed***, 45 A.3d 1096, 1108–09 (Pa. 2012). "To demonstrate ***Strickland*** prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." ***Sneed****,* 45 A.3d at 1109. Counsel will not be found ineffective for failing to call a witness "unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." ***Id.*** (internal quotation marks and citations omitted).

***Commonwealth v. Matias***, 63 A.3d 807, 810–11 (Pa. Super. 2013) (some internal brackets omitted).

Here, Appellant fails to specifically name any witnesses that counsel should have called, meaningfully explain what testimony they would have offered, or discuss how/why their testimony would have impacted the trial court's sentencing decision. His cursory assertion that these unnamed witnesses would have offered "beneficial testimony" is insufficient to demonstrate that he was prejudiced by their absence from the sentencing

proceeding. This is especially true where, as the PCRA court stresses, it "had the benefit of a full pre-sentence report, as well as argument from plea counsel as to [Appellant's] background. [Trial] counsel submitted letters from [Appellant's] therapist and other witnesses as to his therapy treatments." PCRA Court Opinion, 4/19/24, at 4. Thus, the court concluded that "[a]ny alleged witnesses called by [trial] counsel would have been merely cumulative to the information presented by plea counsel and the information contained within the pre-sentencing report." *Id.*

We agree with the court. Although Appellant counters the court's opinion by stressing that "live testimony has more impact than merely reading a letter[,]" Appellant's Brief at 16, he does not explain how the unnamed witnesses' live testimony would have been more compelling and resulted in a lesser sentence. He also does not identify any information that these witnesses would have offered that the court was not already aware of from the pre-sentence report and letters the court reviewed. Thus, Appellant has not demonstrated that he was prejudiced by counsel's failure to call witnesses at his sentencing proceeding.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/13/2025