J-S03002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELLIOT OUTERBRIDGE, | |
| Appellant | No. 1274 EDA 2018 |

Appeal from the PCRA Order Entered April 3, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006588-2011

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 1, 2019**

Appellant, Elliot Outerbridge, appeals from the post-conviction court's April 3, 2018 order denying his timely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's conviction are unnecessary to our disposition of his appeal.  We only note that Appellant was convicted, following a jury trial, of first-degree murder and related offenses, committed when he was 16 years old.  On May 8, 2013, the court sentenced Appellant to a mandatory-minimum term of 35 years' incarceration under 18 Pa.C.S. § 1102.1(a)(1).[1]  Appellant filed a timely direct appeal, and this Court affirmed

---

[1] That provision reads:

> **(a) First degree murder.--**A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree

on February 24, 2015. ***Commonwealth v. Outerbridge***, 120 A.3d 389 (Pa. Super. 2015) (unpublished memorandum).

On February 24, 2016, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition on Appellant's behalf. On January 16, 2018, the court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. The docket does not indicate that Appellant filed a response. On April 3, 2018, the court issued an order dismissing his petition.

Appellant filed a timely notice of appeal, and he also complied with the court's order to file a Pa.R.A.P. 1925(b) statement. However, Appellant's concise statement was untimely. Nevertheless, the court issued a Rule 1925(a) opinion that addressed the issues raised by Appellant in the statement and, therefore, we decline to remand. ***Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) (holding that where an appellant files an untimely Rule 1925(b) statement, "this Court may decide

_____

> murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:
>
> > (1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life.
>
> 18 Pa.C.S. § 1102.1(a)(1). Section 1102.1(d) sets forth factors the court must consider (and on which it must render findings of fact) when imposing a sentence of life without parole under subdivision (a).

the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal"). Herein, Appellant states one issue for our review:

I.  Did the Honorable PCRA [c]ourt err when it dismissed the [a]mended [p]etition without granting a hearing?

Appellant's Brief at 3.

To begin, we note that:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Johnson**, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.**

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013).

Here, aside from setting forth the general legal principles that guide our review of PCRA orders (similar to that quoted above), Appellant's entire argument in his brief consists of the following:

[Appellant] was sentenced to a term of thirty-five (35) years to [l]ife. Counsel did not object to the sentencing proceedings. While [Appellant] may have received a sentence as authorized by 18 Pa.C.S. § 1102.1, the proceedings still needed to have been challenged as they did not necessarily comply with the edict of **Miller** [**v. Alabama**, 132 S.Ct. 2455 (2012),] and they did not comply with the program set up by the Philadelphia Court of Common Pleas to deal with Juvenile Life issues.

Counsel is not challenging the discretionary aspects of the sentencing but the constitutionality and fundamental fairness of the proceedings as a whole. Counsel respectfully requests that [Appellant's case] be remanded to the [s]entencing [c]ourt for a new sentencing hearing that meets all constitutional requirements.

Appellant's Brief at 7-8.

The argument presented by Appellant is clearly inadequate to permit our meaningful review, as it consists of only bald assertions that are not supported with any developed discussion. Moreover, as the PCRA court points out,

> [t]he court imposed the minimum sentence permitted by the statute. The court could have sentenced [Appellant] to an additional three and one-half to seven years for [a] violation of the Uniform Firearms Act [for which Appellant was convicted]…. However, after considering all of the evidence, and demonstrating its mercy, the court chose not to do so.
>
> Since [Appellant] was not sentenced to life without parole, the court was not required to make the findings on the record required by 18 Pa.C.S. [§] 1102.1(d).
>
> [Appellant] received the minimum possible sentence. He has nothing to complain about [regarding] the sentence.

PCRA Court Opinion, 7/11/18, at 4-5.

We agree with the PCRA court and, given the meager argument presented by Appellant on appeal, we discern no error in the court's denial of his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/19

- 4 -