J-S12005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE ALBERTO RODRIGUEZ JR. | : | |
| | : | |
| Appellant | : | No. 1761 EDA 2020 |

Appeal from the PCRA Order Entered August 11, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000419-2019

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 14, 2022**

Appellant, Jose Alberto Rodriguez Jr., appeals from the post-conviction court's August 11, 2020 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts and procedural history of Appellant's case can be summarized as follows.  On November 1, 2018, Detective Sergeant Michael Mish, a member of the Bethlehem Police Department's Special Operations/Vice Unit, was conducting surveillance in an area known for drug trafficking.  ***See*** Order of Court (OOC), 6/18/19, at 2, 3.

> At approximately 7:45 p.m. …, during his surveillance, [Detective] Mish observed a blue Chrysler pull up to the curb in front of him at 10th Street and Lynn Avenue….  No one entered or exited the vehicle for several minutes.  [Detective] Mish then ran the registration of the vehicle, bearing Pennsylvania plate number KBY7902, and learned that the vehicle was registered to Oscar York, an individual known to [Detective] Mish as a narcotics dealer with two prior convictions, who was known to be selling drugs of

late in the Bethlehem area. Several minutes after the vehicle had arrived, [Detective] Mish observed an individual, only later identified as [Appellant], approach the Chrysler on foot and enter the passenger door. The vehicle then drove down Lynn Avenue, and was followed by Detective Casella, a member of [Detective] Mish's team on the Special Operations Vice Unit. The vehicle was followed as it drove for approximately one minute in a circle from its starting position along Argus Street, coming to rest on 9th Street approximately two blocks from where it had begun, in [Detective] Mish's line of sight down 9th Street. [Detective] Mish testified that this type of conduct — an individual entering a vehicle and then riding in the vehicle for a very short distance in a circular route — is very typical of drug transactions, in his experience. The same individual seen entering the vehicle then exited the vehicle and began walking down 9th Street towards [Detective] Mish, passing in front of him. [Detective] Mish then exited his vehicle and requested to speak with the individual, at which time the man moved as though to flee. Detective Marques, another member of [Detective] Mish's team, had just entered the scene at [Detective] Mish's request and apprehended the individual, having been advised by [Detective] Mish via ongoing radio transmissions of his observations of the individual. As the man was apprehended, a white pill fell from his person onto the ground. He was then patted down[,] and a bag of cocaine was found on his person, as well as another pill. The quantity of cocaine found on his person had a street value of approximately $400. After placing the individual under arrest, [Detective] Mish was able to identify him as [Appellant].

*Id.* at 3-4.

Based on the information regarding Appellant's arrest, as well as information provided by a confidential informant, police obtained and executed a search warrant at a residence located at 1834 Lynfield Drive. There, officers "located a bag containing approximately [110] grams of cocaine in a kitchen cabinet…, as well as some other contraband and [$200] of U.S. [c]urrency found in a master bedroom dresser drawer. [Police] also

located mail and an ID belonging to [Appellant] at 1834 Lynfield Drive." Appellant's Brief at 10.

In light of this evidence, Appellant was charged with two counts of possession with intent to deliver (PWID), 35 P.S. § 780-113(A)(30). Prior to trial, Appellant's counsel filed a motion to suppress, contending "that the stop, arrest, and searches of his person and … residence … were unconstitutional, insofar as they were made without the requisite level of suspicion required in order for law enforcement officers to validly stop, arrest, or search an individual, or to search a particular location." OOC at 1. After a hearing, the trial court denied Appellant's motion to suppress.

On September 30, 2019, Appellant entered a guilty plea to one count of PWID in exchange for the Commonwealth's withdrawing the remaining PWID charge and stipulating that the weight of the cocaine found was under 100 grams, although the actual weight of the drugs was 110 grams. **See** Commonwealth's Brief at 2. Additionally, "[t]he parties agreed to a sentence … of a period of incarceration in a state correctional institution of 60 months (5 years) to 120 months (10 years)." **Id.** (citation to the record omitted). The court accepted Appellant's guilty plea and imposed the agreed-upon sentence.

Appellant thereafter filed a timely, *pro se* post-sentence motion, which was forwarded to his counsel. His counsel then filed an untimely post-sentence motion, as well as a petition to withdraw from representing

Appellant. The court denied Appellant's post-sentence motion and granted counsel's petition to withdraw. Appellant did not file a direct appeal.

Instead, on November 12, 2019, he filed the *pro se* PCRA petition underlying the present appeal. Therein, Appellant alleged that his trial counsel was ineffective for coercing him to plead guilty by telling him that he "would be found guilty by a jury of white people" if he proceeded to trial. *Pro Se* PCRA Petition, 11/12/19, at 3. Appellant also claimed that counsel was ineffective for withholding discovery from Appellant, and for failing to present evidence at the suppression hearing to disprove that Appellant resided at 1834 Lynfield Drive. *Id.* Counsel was appointed and an amended petition was filed on January 15, 2020, reiterating the claims raised in Appellant's *pro se* petition, and adding that trial counsel was ineffective for not arguing at the suppression hearing that Appellant was merely a buyer of drugs and not a seller, and that Appellant's plea was involuntary and/or unknowing because he was under the influence of drugs when he entered the plea. *See* Amended PCRA Petition, 1/15/20, at 1-2 (unnumbered).

The court conducted an evidentiary hearing on Appellant's petition on March 11, 2020. At the hearing, Appellant and his trial counsel both testified. Following the hearing, Appellant filed a petition requesting the appointment of new PCRA counsel, which was denied following a hearing. Appellant's PCRA counsel then filed a petition to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On August 11, 2020,

- 4 -

the court granted counsel's petition to withdraw and denied Appellant's PCRA petition.

Appellant filed a timely notice of appeal. The court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but Appellant failed to comply. Accordingly, the PCRA court issued a statement indicating that Appellant's issues were waived on appeal. Thereafter, Appellant retained private counsel, who filed an application for relief with this Court, requesting permission to file a Rule 1925(b) statement *nunc pro tunc*. On April 6, 2021, we granted that application and remanded for Appellant to file a concise statement, which he did on April 27, 2021. The PCRA court filed its Rule 1925(a) opinion on May 4, 2021.

Herein, Appellant states two issues for our review:

A. Whether the PCRA court erred in finding [Appellant's] trial/plea counsel did not render ineffective assistance of counsel in advising [Appellant] to proceed to a guilty plea[?]

B. Whether the PCRA court's denial of relief to [Appellant] and memorandum opinion thereto was proper based on the "no-merit" letter filed by PCRA counsel[?]

Appellant's Brief at 4 (unnecessary capitalization omitted).

Initially, we note that:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Johnson***, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." ***Id.***

***Commonwealth v. Matias***, 63 A.3d 807, 810 (Pa. Super. 2013).

Appellant first argues that the PCRA court erred by denying his claim that his trial counsel acted ineffectively.

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

In this case, Appellant

[c]ontends that his plea was unknowing and involuntary due to hi[s] being under the influence of drugs at the time of the plea. [Appellant] also contends that trial counsel was ineffective in pursuing a motion to suppress evidence, which was filed, argued, and briefed by counsel, and thereafter denied by the trial court. In reviewing these issues together, [Appellant's] assertions can be framed as follows: that trial counsel was ineffective in advising [Appellant] to proceed with a guilty plea[,] as doing so waive[d Appellant's] right to file a direct appeal as to the sufficiency of the evidence regarding the trial court's refusal to grant [Appellant's] motion to suppress.

Appellant's Brief at 21 (unnecessary capitalization and citation to the record omitted). Appellant further avers that "his counsel 'stated unequivocally and repeatedly that [Appellant] would be found guilty by a jury of white people and [advised Appellant] not to exercise [his] right to such [a] jury.'" *Id.* at 23 (citation to the record omitted). According to Appellant, "[t]his statement,

in conjunction with the presence of the evidence the [c]ourt refused to suppress, suggests an inducement of a guilty plea by [Appellant], as his chances of success at trial appear[ed] slim, according to his counsel." *Id.*

Initially, Appellant fails to offer any developed discussion or legal authority to support his claim that his plea was involuntary because he was allegedly under the influence of drugs, or because his plea counsel advised him that he was unlikely to prevail before a jury. Thus, these assertions are waived. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").[1]

Within his first issue, Appellant also argues that his trial counsel acted ineffectively by not ensuring that he understood that by pleading guilty, he was waiving his right to file an appeal challenging the trial court's denial of his motion to suppress. Appellant insists that, because he did not understand that he was giving up his ability to challenge the suppression ruling on appeal, his plea was involuntary and his counsel was ineffective.

---

[1] Notwithstanding, we would conclude that no relief is due on these claims for the reasons set forth by the PCRA court in its Rule 1925(a) opinion. *See* PCRA Court Opinion (PCO), 5/4/21, at 2-11.

- 7 -

The PCRA court concluded that this issue was waived, as it was not raised in Appellant's petition or at the PCRA hearing. ***See*** PCO at 2. After reviewing the record in this case, we agree. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[2]

Appellant next contends that the PCRA court erred by granting his PCRA counsel's petition to withdraw, as counsel's ***Turner/Finley*** "no-merit" letter did "not address, in any meaningful way, the initial stop [and] search of [Appellant's] person, a factor later used to support the probable cause in obtaining the warrant. The letter fails to detail the nature and extent of review on that issue, and likewise fails to address any lack of merit [Appellant's] argument may have." Appellant's Brief at 30-31. Accordingly, Appellant contends that his PCRA counsel rendered ineffective representation.

_____

[2] In any event, we note that Appellant's written plea colloquy explicitly informed him that if he pled guilty, any appeal he filed would be "limited to four grounds[,]" including the voluntariness of his plea, the jurisdiction of the court to accept the plea, his sentence, and/or whether his plea counsel was incompetent or ineffective. ***See*** Written Plea Colloquy at 5. Appellant initialed that paragraph of the written plea colloquy indicating he understood. ***Id.*** Then, during the oral plea colloquy, Appellant stated that his trial counsel had reviewed with him the entire written plea colloquy, had answered all his questions, and that he understood "all the rights that [he was] waiving by entering into [the] guilty plea[.]" N.T. Plea/Sentencing, 9/30/19, at 9. This record demonstrates that Appellant understood that he was waiving his right to appeal the denial of his suppression motion by entering his guilty plea. Consequently, even if Appellant had not waived his assertion that his plea counsel ineffectively failed to ensure he understood this consequence of pleading guilty, we would conclude that he has not demonstrated his claim has arguable merit.

Preliminarily, we note that Appellant raised his challenge to PCRA counsel's representation for the first time in his Rule 1925(b) statement. As this was Appellant's first opportunity to do so after his ostensibly ineffective counsel withdrew, it is permissible under our Supreme Court's recent holding in *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) (holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal").

Nevertheless, Appellant has not demonstrated that his PCRA counsel acted ineffectively. Our review of Appellant's *pro se* petition, and counsel's amendment thereto, shows that at no point did Appellant raise a claim involving the legality of his initial stop and arrest. Instead, he alleged that his trial counsel was ineffective for coercing him to plead guilty, for withholding discovery from him, and for failing to present evidence at the suppression hearing that Appellant did not reside at the searched residence and was simply a buyer of drugs, not a seller. Appellant also claimed his plea was invalid because he was under the influence of drugs. None of these assertions explicitly or implicitly suggested that Appellant wished to challenge the legality of his initial stop and arrest or argue that his counsel was ineffective in litigating that issue at the suppression hearing. Thus, it was reasonable for PCRA counsel to not provide a detailed assessment of that claim in his *Turner/Finley* no merit letter.

Order affirmed.

Judge Dubow joins this memorandum.

Judge Bowes concurs in the result.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 7/14/2022*