J-S14021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                              :              PENNSYLVANIA
                                              :
                 v.                           :
                                              :
                                              :
JHENEA PRATT                                  :
                                              :
                 Appellant                    :  No. 1060 WDA 2022

Appeal from the PCRA Order Entered August 10, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013630-2018

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.*

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: JUNE 6, 2023**

Appellant, Jhenea Pratt, appeals from the post-conviction court's August 10, 2022 order denying her timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to her instant appeal.  We need only note that on June 4, 2019, a jury convicted Appellant of involuntary manslaughter, 18 Pa.C.S. § 2504, and endangering the welfare of a child, 18 Pa.C.S. § 4304(a)(1), based on evidence that her infant daughter died of fentanyl poisoning while in Appellant's care.  Former Allegheny County Court of Common Pleas Judge Mark Tranquilli presided over Appellant's jury trial.  Tranquilli also presided over Appellant's sentencing

_____

* Retired Senior Judge assigned to the Superior Court.

hearing on September 25, 2019. There, Tranquilli imposed an aggravated-range sentence of 5 to 10 years' incarceration.

Appellant filed a timely direct appeal, solely arguing that Tranquilli had abused his discretion by imposing an aggravated-range sentence despite the substantial mitigating evidence Appellant had presented. ***See Commonwealth v. Pratt***, No. 1769 WDA 2019, unpublished memorandum at *4 (Pa. Super. filed Sept. 22, 2020). We disagreed, quoting Tranquilli's lengthy discussion of his reasons for Appellant's sentence, ***id.*** at 11-16, and concluding that Tranquilli had considered all the requisite, statutory factors and "did not impose an unreasonable sentence…." ***Id.*** at 16. Accordingly, we affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's subsequent petition for allowance of appeal. ***See Commonwealth v. Pratt***, 240 A.3d 952 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 256 A.3d 420 (Pa. 2021).

On July 7, 2021, Appellant filed the *pro se* PCRA petition underlying her present appeal. The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf. Therein, Appellant asserted that Tranquilli had been racially biased in sentencing her. In support, she attached to her petition a "[c]omplaint filed by the Court of Judicial Discipline at 4 JD 2020, which cites instances of prejudicial[ and/or] racial bias" by Tranquilli. Amended PCRA Petition, 11/29/21, at 6. Appellant also attached a "Stipulation and Waiver filed by … Tranquilli, wherein he stipulated to the facts alleged in the Complaint[,]" as well as a "November 19, 2020, Order of the Court of Judicial

Discipline which adopted the stipulations as findings of fact and imposed sanctions." ***Id.*** Appellant alleged that these documents "[e]stablish that [she] proceeded to sentencing before a Judge who, in all probability, is racially biased. This racial bias prevented … Tranquilli from presiding over [Appellant's] sentencing in an impartial manner." ***Id.*** at 7. Accordingly, Appellant insisted that her "sentence … was the result of bias and must be vacated." ***Id.***[1] Appellant also claimed that her trial counsel was ineffective for failing to argue (and/or preserve in a post-sentence motion) that she was eligible for the Recidivism Risk Reduction Incentive Act (RRRI), and that her appellate counsel was ineffective for failing to raise this issue on direct appeal. ***Id.*** at 10-11.

On July 20, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a response, but on August 10, 2022, the court issued an order dismissing her petition. She filed a timely notice of appeal, and she timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court subsequently issued a "Statement

_____

[1] We note that Appellant stated her claim was cognizable under the PCRA because her "sentence resulted from a constitutional due process violation which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Amended PCRA Petition at 5. She also maintained that she could not have asserted Tranquilli's "judicial bias and inherent prejudice … until after the Judicial Review Board proceedings were concluded. Thus, [Appellant] could[ not] have raised the claim involving Tranquilli until this collateral attack." ***Id.***

- 3 -

in Lieu of Opinion" declaring that it was relying on the reasons set forth in its Rule 907 notice for denying Appellant's petition.

Herein, Appellant states two issues for our review:

I. The PCRA [c]ourt erred in denying relief because [Appellant] was denied due process where the presiding trial judge at [s]entencing was not impartial, and the unreasonable sentence imposed was the result of judicial bias.

II. The PCRA [c]ourt erred in denying relief where sentencing counsel was ineffective for failing to argue that [Appellant] was RRRI eligible, and for failing to raise this issue in post-sentence motions or on direct appeal.

Appellant's Brief at 5.

Initially, we note that:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Johnson*, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.*

*Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa. Super. 2013).

Appellant first contends that the PCRA court erred in dismissing her petition because "she was sentenced in a courtroom where judicial bias was established after her direct appeal was concluded." Appellant's Brief at 11. In support, she points to the documents attached to her PCRA petition, which she claims demonstrate that Tranquilli "harbored a fixed bias regarding illegal drugs and people of color that he assumes deal in drugs…." *Id.* at 16. Because she is a woman of color and her case involved illegal narcotics, Appellant insists that "[t]here is no doubt … [she] proceeded to sentencing

before a [j]udge who, in all probability, was racially biased" and impartial. ***Id.*** at 14.

As evidence of Tranquilli's alleged bias, Appellant points to his statement at sentencing that if she were "granted probation, there would be an undue risk during that period of probation that [she] would commit another crime." ***Id.*** at 15-16 (citing N.T. Sentencing, 9/25/19, at 12). Given the fact that Appellant had a zero prior record score and had never served or violated a term of probation, she insists that "[t]he conclusion that [she] was a person to be considered unduly risky to commit another crime while on probation was based upon the sentencing judge's biased mindset toward a person of color" and/or the fact that her crimes involved narcotics. ***Id.*** at 16.

Appellant also minimizes the fact that this Court reviewed her sentence on direct appeal. She stresses that on direct appeal, she argued that "the sentence imposed was an abuse of discretion in light of substantial mitigating evidence[,]" and "[t]he prior Superior Court panel was not asked to consider whether … [Tranquilli] was biased, nor whether the sentence imposed was impacted by [his] bias." ***Id.*** at 16-17. In sum, Appellant maintains that "Tranquilli's actions while on the bench were so extreme that he failed to promote public confidence in the judiciary, and failed to avoid impropriety." ***Id.*** at 17. Thus, she concludes that her "aggravated range sentence must be vacated because it was imposed under circumstances that shakes one's confidence in the integrity of the proceedings." ***Id.*** at 18.

In assessing Appellant's arguments, we have reviewed the Commonwealth's responsive brief, the certified record, and the applicable law. We have also considered the well-reasoned discussion set forth by the Honorable Bruce R. Beemer of the Court of Common Pleas of Allegheny County in his Rule 907 notice. **See** Pa.R.Crim.P. 907 Notice, 7/20/21, at 2-6. For the reasons set forth by Judge Beemer, we agree that Appellant's first issue is meritless.[2] Additionally, we adopt Judge Beemer's sound rationale for dismissing Appellant's second issue, in which she claims that her trial and appellate attorneys were ineffective for not arguing that she is eligible for the RRRI program. **See id.** at 6-9. Therefore, we affirm the PCRA court's order denying her petition.

---

[2] We note, however, that we agree that Appellant would be entitled to a new sentencing hearing if the underlying due process claim were established. **See generally Commonwealth v. Koehler**, 229 A.3d 915, 929-932 (Pa. 2020). However, the core flaw in her position is that Tranquilli's bias in an unrelated case does not establish bias in **this** case. For example, in 1997 the Philadelphia District Attorney's office released a videotape of a training given by one of its assistant district attorneys, "which instructed prosecutors to manipulate the jury selection process in order to minimize the seating of African–American jurors[.]" **Commonwealth v. Rollins**, 738 A.2d 435, 443 n.10 (Pa. 1999). However, "the existence of the tape does not demonstrate that there was discrimination in **his** case." **Id.** (italicized emphasis in original; bolded emphasis added). Similarly, the fact that Tranquilli exhibited bias against another defendant does not establish bias in this case. The fact that a panel of our Court discerned no abuse of discretion in imposing the aggravated range sentence does not, of course, foreclose the existence of bias on Tranquilli's part. But the independent review and identification of an adequate basis to support the sentence undermines Appellant's implicit assertion that the only possible explanation for the aggravated-range sentence is racial bias.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2023