J-S14021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JHENEA PRATT | : | |
| | : | |
| Appellant | : | No. 1060 WDA 2022 |

Appeal from the PCRA Order Entered August 10, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013630-2018

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: JUNE 6, 2023**

Appellant, Jhenea Pratt, appeals from the post-conviction court's August 10, 2022 order denying her timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to her instant appeal.  We need only note that on June 4, 2019, a jury convicted Appellant of involuntary manslaughter, 18 Pa.C.S. § 2504, and endangering the welfare of a child, 18 Pa.C.S. § 4304(a)(1), based on evidence that her infant daughter died of fentanyl poisoning while in Appellant's care.  Former Allegheny County Court of Common Pleas Judge Mark Tranquilli presided over Appellant's jury trial.  Tranquilli also presided over Appellant's sentencing

_____

[*] Retired Senior Judge assigned to the Superior Court.

hearing on September 25, 2019. There, Tranquilli imposed an aggravated-range sentence of 5 to 10 years' incarceration.

Appellant filed a timely direct appeal, solely arguing that Tranquilli had abused his discretion by imposing an aggravated-range sentence despite the substantial mitigating evidence Appellant had presented. **See Commonwealth v. Pratt**, No. 1769 WDA 2019, unpublished memorandum at *4 (Pa. Super. filed Sept. 22, 2020). We disagreed, quoting Tranquilli's lengthy discussion of his reasons for Appellant's sentence, **id.** at 11-16, and concluding that Tranquilli had considered all the requisite, statutory factors and "did not impose an unreasonable sentence…." **Id.** at 16. Accordingly, we affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's subsequent petition for allowance of appeal. **See Commonwealth v. Pratt**, 240 A.3d 952 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 256 A.3d 420 (Pa. 2021).

On July 7, 2021, Appellant filed the *pro se* PCRA petition underlying her present appeal. The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf. Therein, Appellant asserted that Tranquilli had been racially biased in sentencing her. In support, she attached to her petition a "[c]omplaint filed by the Court of Judicial Discipline at 4 JD 2020, which cites instances of prejudicial[ and/or] racial bias" by Tranquilli. Amended PCRA Petition, 11/29/21, at 6. Appellant also attached a "Stipulation and Waiver filed by … Tranquilli, wherein he stipulated to the facts alleged in the Complaint[,]" as well as a "November 19, 2020, Order of the Court of Judicial

Discipline which adopted the stipulations as findings of fact and imposed sanctions." *Id.* Appellant alleged that these documents "[e]stablish that [she] proceeded to sentencing before a Judge who, in all probability, is racially biased. This racial bias prevented … Tranquilli from presiding over [Appellant's] sentencing in an impartial manner." *Id.* at 7. Accordingly, Appellant insisted that her "sentence … was the result of bias and must be vacated." *Id.*[1] Appellant also claimed that her trial counsel was ineffective for failing to argue (and/or preserve in a post-sentence motion) that she was eligible for the Recidivism Risk Reduction Incentive Act (RRRI), and that her appellate counsel was ineffective for failing to raise this issue on direct appeal. *Id.* at 10-11.

On July 20, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a response, but on August 10, 2022, the court issued an order dismissing her petition. She filed a timely notice of appeal, and she timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court subsequently issued a "Statement

_____

[1] We note that Appellant stated her claim was cognizable under the PCRA because her "sentence resulted from a constitutional due process violation which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Amended PCRA Petition at 5. She also maintained that she could not have asserted Tranquilli's "judicial bias and inherent prejudice … until after the Judicial Review Board proceedings were concluded. Thus, [Appellant] could[ not] have raised the claim involving Tranquilli until this collateral attack." *Id.*

- 3 -

in Lieu of Opinion" declaring that it was relying on the reasons set forth in its Rule 907 notice for denying Appellant's petition.

Herein, Appellant states two issues for our review:

I. The PCRA [c]ourt erred in denying relief because [Appellant] was denied due process where the presiding trial judge at [s]entencing was not impartial, and the unreasonable sentence imposed was the result of judicial bias.

II. The PCRA [c]ourt erred in denying relief where sentencing counsel was ineffective for failing to argue that [Appellant] was RRRI eligible, and for failing to raise this issue in post-sentence motions or on direct appeal.

Appellant's Brief at 5.

Initially, we note that:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Johnson*, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.*

*Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa. Super. 2013).

Appellant first contends that the PCRA court erred in dismissing her petition because "she was sentenced in a courtroom where judicial bias was established after her direct appeal was concluded." Appellant's Brief at 11. In support, she points to the documents attached to her PCRA petition, which she claims demonstrate that Tranquilli "harbored a fixed bias regarding illegal drugs and people of color that he assumes deal in drugs…." *Id.* at 16. Because she is a woman of color and her case involved illegal narcotics, Appellant insists that "[t]here is no doubt … [she] proceeded to sentencing

- 4 -

before a [j]udge who, in all probability, was racially biased" and impartial. *Id.* at 14.

As evidence of Tranquilli's alleged bias, Appellant points to his statement at sentencing that if she were "granted probation, there would be an undue risk during that period of probation that [she] would commit another crime." *Id.* at 15-16 (citing N.T. Sentencing, 9/25/19, at 12). Given the fact that Appellant had a zero prior record score and had never served or violated a term of probation, she insists that "[t]he conclusion that [she] was a person to be considered unduly risky to commit another crime while on probation was based upon the sentencing judge's biased mindset toward a person of color" and/or the fact that her crimes involved narcotics. *Id.* at 16.

Appellant also minimizes the fact that this Court reviewed her sentence on direct appeal. She stresses that on direct appeal, she argued that "the sentence imposed was an abuse of discretion in light of substantial mitigating evidence[,]" and "[t]he prior Superior Court panel was not asked to consider whether … [Tranquilli] was biased, nor whether the sentence imposed was impacted by [his] bias." *Id.* at 16-17. In sum, Appellant maintains that "Tranquilli's actions while on the bench were so extreme that he failed to promote public confidence in the judiciary, and failed to avoid impropriety." *Id.* at 17. Thus, she concludes that her "aggravated range sentence must be vacated because it was imposed under circumstances that shakes one's confidence in the integrity of the proceedings." *Id.* at 18.

In assessing Appellant's arguments, we have reviewed the Commonwealth's responsive brief, the certified record, and the applicable law. We have also considered the well-reasoned discussion set forth by the Honorable Bruce R. Beemer of the Court of Common Pleas of Allegheny County in his Rule 907 notice. **See** Pa.R.Crim.P. 907 Notice, 7/20/21, at 2-6. For the reasons set forth by Judge Beemer, we agree that Appellant's first issue is meritless.[2] Additionally, we adopt Judge Beemer's sound rationale for dismissing Appellant's second issue, in which she claims that her trial and appellate attorneys were ineffective for not arguing that she is eligible for the RRRI program. **See id.** at 6-9. Therefore, we affirm the PCRA court's order denying her petition.

---

[2] We note, however, that we agree that Appellant would be entitled to a new sentencing hearing if the underlying due process claim were established. **See generally Commonwealth v. Koehler**, 229 A.3d 915, 929-932 (Pa. 2020). However, the core flaw in her position is that Tranquilli's bias in an unrelated case does not establish bias in **this** case. For example, in 1997 the Philadelphia District Attorney's office released a videotape of a training given by one of its assistant district attorneys, "which instructed prosecutors to manipulate the jury selection process in order to minimize the seating of African–American jurors[.]" **Commonwealth v. Rollins**, 738 A.2d 435, 443 n.10 (Pa. 1999). However, "the existence of the tape does not demonstrate that there was discrimination in **his** case." **Id.** (italicized emphasis in original; bolded emphasis added). Similarly, the fact that Tranquilli exhibited bias against another defendant does not establish bias in this case. The fact that a panel of our Court discerned no abuse of discretion in imposing the aggravated range sentence does not, of course, foreclose the existence of bias on Tranquilli's part. But the independent review and identification of an adequate basis to support the sentence undermines Appellant's implicit assertion that the only possible explanation for the aggravated-range sentence is racial bias.

- 7 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2023

Circulated 05/11/2023 04:01 PM

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA                    CC 201813630

                                                1060 WDA 2022

v.

JHENEA PRATT                                    HON. BRUCE R. BEEMER

**Appellant,**

## STATEMENT IN LIEU OF OPINION

AND NOW, to-wit this 14th day of November, 2022, it is ORDERED that the Clerk of Courts shall transmit the record on this matter to the Superior Court forthwith. Appellant is appealing the August 10, 2022 Order dismissing her PCRA petition. The Notice of Intent to Dismiss issued on July 20, 2022 thoroughly explained the reasons for dismissal and the Court will rely on it in satisfaction of Pa.R.A.P. 1925(a)(1) that the Court set forth its reasons for issuing the Order appealed from.

The Department of Court Records is directed to serve a copy of this Order upon Appellant by certified mail to the address listed below.

> Jhenea Pratt, PC8261
> SCI Cambridge Springs
> 451 Fullerton Avenue
> Cambridge Springs, PA 16403-1238

BY THE COURT:

BRUCE R. BEEMER, J.

Cc: Michael Streily, DDA; Diana Stavroulakis, Esq.            9489 0090 0027 6046 7907 89

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA        CC 201813630

v.

JHENEA PRATT                          HON. BRUCE R. BEEMER

        Petitioner,

COPY

ORIGINAL
Superior Division
Dept Of Court Records
Allegheny County PA

### Notice of Intent to Dismiss PCRA
### without a hearing pursuant to Pa.R.Crim.P. 907

*AND NOW*, this 20th day of July 2022, after consideration of the Amended PCRA Petition, the Commonwealth's Answer, and after independent review of the record in the above captioned case, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The Court intends to dismiss the Amended PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907 having determined that there are no genuine issues of material fact, petitioner is not entitled to relief, and no purpose would be served by any further proceeding.

2. The Commonwealth conceded jurisdiction and that the claims are properly before the Court.

3. Petitioner's conviction stems from the death of her infant daughter as a result of fentanyl poisoning. Petitioner admitted that she gave her daughter juice from a sippy cup and then laid her down for a nap, whereafter Petitioner and a friend smoked marijuana. Tests later revealed that Fentanyl was found in the child's sippy cup in an

1

App. C

FILED
2022 JUL 20 PM 07

amount 1000 times more fatal to adults. Additionally, Petitioner made inculpatory statements while incarcerated, including that she did not want the "damn girl" and that she didn't mean to kill her.

4. On September 25, 2019, the presiding sentencing court, Judge Mark V. Tranquilli, sentenced Petitioner to 5 to 10 years of incarceration, which reflected an aggravated range sentence as well as the statutory maximum for that offense.

5. In Petitioner's first claim for relief, she argues that her due process rights were violated by the presiding sentencing court, Judge Mark V. Tranquilli, alleging that he was impartial and biased. Petitioner asks for relief in the form of vacated sentence and a resentencing hearing.

6. Pa.R.Crim.P. 700 reads that, "(A) Except as provided in paragraph (B), the judge who presided at the trial or who received the plea of guilty or *nolo contendere* shall impose sentence unless there are extraordinary circumstances which preclude the judge's presence. In such event, another judge shall be assigned to impose sentence." The *Comment* to the Rule further strengthens this principle, stating that it "is always desirable that the judge who accepts a plea of guilty or *nolo contendere* should impose sentence."

7. The courts have long held that to protect the integrity of the judicial system, a party is not required to demonstrate actual bias, but evidence which raises a "substantial doubt as to the jurist's ability to preside impartially". *Commonwealth v. Watkins*, 108 A.3d 692, 734 (Pa. 2014).

8. In support of this due process violation claim, Petitioner attached the following exhibits which were reviewed:

2

a. (App. A) - August 12, 2020 Pennsylvania Judicial Conduct Board complaint;

b. (App. B) - November 17, 2020 Respondent's Stipulation and Waiver of Trial and Sanctions Hearing;

c. (App. C) - November 19, 2020 Order by the Commonwealth of Pennsylvania Court of Judicial Discipline.

9. Petitioner argued that Appendix B, Judge Tranquilli's stipulation to the facts set forth in the Judicial Conduct Board complaint, rebuts the presumption that the presiding judge was "honorable, fair and competent".

10. The factual allegations raised in the August 12, 2020 complaint filed by the Pennsylvania Judicial Conduct Board were stipulated to by former Judge Mark Tranquilli and evidenced the following:

a. That in the trial of Commonwealth v. Lamar Rice[1], an African American male was charged with possession with intent to deliver and possession of a controlled substance, Judge Tranquilli was visibly affected when reading the verdict slip which indicated the jury had found Rice not guilty of the most serious offense, possession with intent to deliver.

b. That after the conclusion of the trial, while speaking with trial counsel in chambers, Judge Tranquilli expressed his disappointment for several jurors seated for the trial. He voiced to the Assistant District Attorney prosecuting the case that he should have known that a young African American female juror would have been predisposed to find Defendant Rice not guilty because "when she goes home to her baby daddy, he's probably slinging heroin too."[2]

---

[1] Criminal Court Docket 201704083.
[2] August 12, 2020 Judicial Conduct Board Complaint, p.5.

3

11. In further support of this due process claim, Petitioner isolates one sentence from the entire sentencing proceeding wherein Judge Tranquilli stated that if given probation, Petitioner would commit another crime. Petitioner contends that this demonstrates a fixed bias of Defendant when the case involves illegal drugs, because Petitioner had no prior record, and therefore, no other basis existed for the sentencing Court's conclusion.[3]

12. The Commonwealth responded that the Pennsylvania Superior Court affirmed the judgment of sentence after conducting direct review of Petitioner's claim challenging the discretionary aspects of sentence.[4] Therefore, the opinion issued by the appellate court proves that there was no abuse of discretion in the imposition of sentence, as they found that Judge Tranquilli offered a thorough explanation and reasons for the sentence. These reasons included: the gravity of the offense; Petitioner's character; a determination that her remorse was disingenuous; and the need to deter others from committing similar acts. Thus, Petitioner's attempt to establish that she was subject to judicial bias by relying on a determination made in three unrelated cases is simply insufficient to warrant relief.

13. This Court finds after reading Petitioner's exhibits, in conjunction with the relevant transcript proceeding and the September 22, 2020 Superior Court opinion, that there is no evidence of judicial bias, perceived or otherwise.

14. Petitioner summarily dismisses the Pennsylvania Superior Court opinion that affirmed the judgment of sentence for two reasons. First, the resolution of the

---

[3] Although it is not pled in the Amended PCRA petition, the Criminal Information establishes that Petitioner is an African American female.
[4] 1769 WDA 2019; 240 A3d. 952 (Pa. Super. 2020).

4

Judicial Conduct Board complaint against Judge Tranquilli post-dated appellate review. Second, the appellate court was reviewing a claim involving discretionary aspects of sentence and not judicial bias.

15. Taken to its logical conclusion, Petitioner's argument requires this Court to ignore the appellate opinion. Petitioner contends that judicial bias is evident from the record. Consequently, Petitioner's argument suggests that the Superior Court ignored this evident bias simply because their appellate review was not undertaken with an eye towards determining the existence of judicial bias. Such an argument is meritless. The appellate opinion dissected Judge Tranquilli's reasoning for imposition of an aggravated range sentence and affirmed the same.

16. Moreover, this Court's independent review of the record did not reveal any evidence of bias, or perceptive bias, based on Petitioner's race and the offense as asserted in the petition.

17. Thus, Petitioner's claim is only predicated on the judicial discipline complaint involving unrelated cases and the fact that she is African American.

18. After careful consideration of the evidence and the pleadings, the Court does not find that there are similarities between the Petitioner's case and circumstances involved in Judicial Conduct Board complaint that establish a due process violation.

19. Absent evidence of bias against Petitioner, the exhibits offered in support of this claim for relief are insufficient to establish merit.

20. As stated above, Rule 700 of the Rules of Criminal Procedure requires extraordinary circumstances for a judge other than the trial judge to impose sentence. Petitioner's

5

failure to establish a due process violation claim certainly falls short of the intent and desire of this Rule.

21. The claim alleging a due process violation and a request to vacate her sentence is DENIED as meritless.

22. Petitioner's second claim for relief is that counsel was ineffective for failing to argue at sentencing, in a post-sentence motion, and/or on direct appeal that Petitioner was RRRI eligible.

23. Petitioner cites to *Commonwealth v. Cullen-Doyle*, 164 A.3d 1239 (Pa. 2017) in support of her request, arguing that *Cullen-Doyle* stands for the principle that the instant conviction cannot serve as the basis for disqualification of the Recidivism Risk Reduction Incentive (RRRI) Act. Thus, as a first-time offender she was eligible for the program.

24. This claim was underdeveloped. Petitioner failed to provide any discussion of the pertinent parts of the applicable statute found at 61 Pa.C.S.A. §§ 4501-4505. Nor did Petitioner outline and/or develop the well-established three prong test for ineffective assistance of counsel necessary to satisfy her burden. Moreover, there was no witness certification from Petitioner's appellate counsel, Kathryn Simmers, Esq., who Petitioner alleged was ineffective for failing to raise this claim on direct appeal. Additionally, the witness certification offered for Petitioner's trial, sentence, and post-sentence counsel, Matthew Capan, Esq., was deficient in that it did not detail the substance of his testimony as required by Pa.R.Crim.P. 902(A)(15). It reads, "[h]e will testify regarding why he did not object to the Sentencing Court's determination

6

that Pratt is not RRRI eligible, and why he did not raise the issue in post-sentence motions or on direct appeal."[5]

25. Nevertheless, the Commonwealth answered that the claim should be dismissed as meritless and the Court agrees.

26. Although not dispositive to the Court's ruling, the Court agrees with the Commonwealth's argument that *Cullen-Doyle* is distinguishable and inapplicable to Petitioner's ineffective assistance of counsel claim. Cullen-Doyle was convicted of burglary and his eligibility centered around what qualifies as a "history of present or past violent behavior". As will become clear from the Court's immediate discussion below, Petitioner's ineligibility for RRRI is due to her conviction for involuntary manslaughter. Thus, Petitioner's reliance on *Cullen-Doyle* is misplaced, as it did not involve a person who was offense ineligible.

27. RRRI eligibility is found at 61 Pa.C.S.A. § 4503 (emphasis added).

> **"Eligible person."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who *meets all* of the following eligibility requirements:
>> (1) Does not demonstrate a history of present or past violent behavior.
>> (2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61

---

[5] As the Court is dismissing this claim without a hearing having found that it is meritless, it was unnecessary to order Petitioner to correct the deficient witness certification or to file a witness certification for Kathryn Simmers. Esq.

7

**(3) Has not been found guilty of** or previously convicted of or adjudicated delinquent for or criminal attempt, criminal solicitation or criminal conspiracy to commit murder, a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or **a personal injury crime as defined under section 103** of the act of November 24, 1998 (P.L. 882, No. 111),1 known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense

18 Pa.C.S. § 4302(a) (relating to incest).

18 Pa.C.S. § 5901 (relating to open lewdness).

18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

Any offense listed under 42 Pa.C.S. Ch. 97 Subch. H or I

Drug trafficking as defined in section 4103 (relating to definitions).

28. 18 P.S. 11.103 defines a "Personal injury crime" as an act, attempt or threat to commit an act which would constitute a misdemeanor or felony under the following:

18 Pa.C.S. Ch. 25 (relating to criminal homicide).
...
75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) in cases involving bodily injury.

29. Petitioner's claim for relief and citation to *Cullen-Doyle* simply focuses on one of the four required elements, which is clearly insufficient for establishing eligibility

8

under the statute. Petitioner's argument fails to identify how she satisfied all four of the eligibility requirements, as to allow for the conclusion that counsel was ineffective for failing to raise it.

30. Petitioner's conviction for Involuntary Manslaughter, 18 Pa.C.S. § 2504, is clearly a personal injury crime as defined by 18 Pa.C.S. § 11.103. Accordingly, Petitioner was ineligible for RRRI, as was found by the Court at the time of sentencing.

31. As the claim is without merit, Petitioner's claim for ineffective assistance of counsel is DENIED. *Commonwealth v. Harris*, 852 A.2d 1168, 1173 (Pa. 2014) (Counsel cannot be deemed ineffective for failing to raise a meritless claim.)

32. Petitioner has twenty (20) days from the date of this Order to respond to the Court's Notice of Intent to Dismiss. Failure to comply with the time limitation will result in the dismissal of the Petition with prejudice as the Court will assume the petitioner wishes to withdraw the petition.

33. The Clerk of Courts is ordered to mail this Notice to Petitioner by certified mail to the following address:

Jhenea Pratt, PC8261
SCI Cambridge Springs
451 Fullerton Avenue
Cambridge Springs, PA 16403-1238

BY THE COURT:

_____, J.

BRUCE R. BEEMER, J.

Cc: Diana Stavroulakis, Esq.; Samantha Bentley, ADA

9